IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRACER IMAGING LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MIXTILES, LTD., and MIXTILES USA, INC. | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Tracer Imaging LLC (hereinafter "Plaintiff" or "Tracer"), a Delaware limited liability company, by and through its attorneys, for its Complaint against defendants Mixtiles, Ltd. and Mixtiles USA, Inc. (hereinafter collectively "Defendants" or "Mixtiles"), hereby alleges as follows:

## NATURE OF THE CASE

1. This is a civil action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. § 1, *et seq*.

2. This action arises out of Mixtiles' infringement of Tracer's United States Patent No. 12,108,889 (attached as Exhibit A) (the "'889 Patent" or the "Asserted Patent").

## THE PARTIES

3. Tracer is a Delaware limited liability company having a principal place of business at 712 Kitchawan Road, Ossining, New York, 10562, United States.

4. Upon information and belief, Defendant Mixtiles, Ltd. ("Mixtiles, Ltd.") is a private limited company organized under the laws of Israel, with its principal place of business

located at 54/3 Ahad Haam, Tel Aviv-Jaffa, 6520216, Israel, and with registration number 515362044.

5. Upon information and belief, Defendant Mixtiles USA, Inc. ("Mixtiles USA") is a Delaware corporation, with its principal place of business at 1313 N Market St Ste 5100 Wilmington, Delaware, 19801.

6. Upon information and belief, Mixtiles USA is a wholly owned subsidiary of Defendant Mixtiles, Ltd.

7. Mixtiles, Ltd. advertises its products and services via its website, www.mixtiles.com, which lists Mixtiles USA as a party of a contract with any website user in the United States in its Terms of Service, https://www.mixtiles.com/terms-of-service (attached as Exhibit B).

8. Upon information and belief, Mixtiles, Ltd. effectively controls the sales of Mixtiles USA.

9. The Mixtiles website's terms of service provides that website users are contracting with different entities of Mixtiles based on where the website users are located. If a user is from the European Union, the user is contracting with Mixtiles B.V.; if a user is in the U.S., the user is contracting with Mixtiles USA; and if a user is from anywhere else, the user is contracting with Mixtiles, Ltd. https://www.mixtiles.com/terms-of-service.

10. The Mixtiles website also provides that their products are made at Mixtiles' factories in the US, UK, and Germany, and Mixtiles operate exclusively online and do not have a physical retail location which "allows [Mixtiles] to bring [the Mixtiles products] directly to [the customers'] door, no matter where [the customers] are."

https://help.mixtiles.com/en/articles/3487863-faq-where-is-mixtiles-located (attached as Exhibit C).

11. The Mixtiles website provides that Mixtiles "ship [their products] to almost every corner of the globe" listing over 160 countries that Mixtiles ship to. https://help.mixtiles.com/en/articles/3488571-faq-which-courier-do-you-use-and-where-do-you-ship (attached as Exhibit D).

12. Mixtiles, Ltd. is listed as the copyright owner of the Mixtiles website, www.mixtiles.com.

13. The Mixtiles website also provides a customer help section which includes instructions on ordering or using Mixtiles products, including instruction videos and contact information for customer help. https://help.mixtiles.com/en/ (attached as Exhibit E).

14. As contact information for customer help, the Mixtiles website provides a single email (hi@mixtiles.com) and a chat feature on the website, without regard to which Mixtiles entity the customer contracted with. https://help.mixtiles.com/en/articles/3479154-all-about-mixtiles (attached as Exhibit F).

15. The Mixtiles website's terms of service (https://www.mixtiles.com/terms-of-service) lists only one physical address for written refund requests, other than an email address and a chat feature on its website: Ahad Ha'Am 54, Tel Aviv-Yafo, Israel 6520216. This is the same address with the principal place of business of Mixtiles, Ltd. The address shows that all refunds are handled by Mixtiles, Ltd. without regard to which Mixtiles entity a customer contracted with.

16. Mixtiles' mobile application "Mixtiles – Photo Tiles" lists Mixtiles, Ltd. as a developer, a seller, and a copyright owner of the application. https://apps.apple.com/us/app/mixtiles-photo-tiles/id583099157 (attached as Exhibit G).

17. Upon information and belief, Mixtiles USA is the United States sale and distribution department of Mixtiles, Ltd., and serves the purpose of selling and marketing the photo frame products and services provided by Mixtiles, Ltd. to customers in the United States including in the District of Delaware ("this District").

18. Mixtiles, individually and collectively, make, use, sell, offer for sale in the United States, and import into the United States, including in this District, photo frame products mounted on walls, including repositionable frame systems that infringe the '889 Patent.

## JURISDICTION

19. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271, *et seq*.

20. This Court has personal jurisdiction over Mixtiles USA because Mixtiles USA is Delaware corporation doing business in the State of Delaware and has (1) substantial, continuous, and systematic contacts within this District, (2) maintains a broad distribution network within this District, and (3) enjoys substantial income from the sales of infringing products within this District in violation of 35 U.S.C. § 271, *et seq*.

21. This Court has personal jurisdiction over Mixtiles, Ltd., a foreign corporation, because, upon information and belief, Mixtiles USA is a subsidiary of Mixtiles, Ltd. and is either an agent or a mere department of Mixtiles, Ltd. which has effective control over Mixtiles USA. Specifically, upon information and belief, Mixtiles, Ltd. has affiliated itself with Mixtiles USA, which sells products and renders services within this District on behalf of Mixtiles, Ltd. that go beyond mere solicitation and are sufficiently important to Mixtiles, Ltd. that Mixtiles, Ltd. itself would perform equivalent services if no United States representative were available.

22. On information and belief, Mixtiles, Ltd. markets and intends to market, distribute, and sell the infringing products in this District with the reasonable expectation, knowledge, and intent that such products will be purchased and used by consumers in this District. Mixtiles have thus purposefully targeted their conduct to cause harm to Tracer in the State of Delaware, and particularly in this District.

### PLAINTIFF'S BUSINESS AND THE ASSERTED PATENT

23. Tracer has for over twenty (20) years been a global leader providing printing services including lenticular printings in large and small formats, printing photos for wall décor frames, and products that are created through the services such as motion pictures and boxes and key chains with those printings. Tracer's services and products are utilized around the world.

24. Tracer was founded in White Plains, New York, originally providing lenticular printing services and lenticular products. Over time, Tracer has expanded into retail photo space, such as photo products and décor products. The photos and décor products by Tracer are currently sold in over 7,000 retail locations across the nation and are sold worldwide. Tracer has invented new technologies in these areas through extensive investment in research and development for more than a decade and maintains a global patent portfolio. The following Tracer patent is asserted in this action.

### U.S. Patent No. 12,108,889

25. Tracer owns by assignment all rights, title and interest in the '889 Patent, entitled "Magnetic Framing System," and holds the right to sue and recover damages for infringement thereof, including for past infringement. The '889 Patent duly and lawfully issued on October 8, 2024, with Charles Phillips and Steven M. Spiro listed as the inventors. The '889 Patent issued from U.S. Application No. 18/133,801, which was filed on April 12, 2023 and claims priority to

U.S. Application No. 17/140,254, filed on January 4, 2021, now the U.S. Patent No. 11,641,957, which claims priority to U.S. Provisional Application 62/957,589, filed on January 6, 2020 and U.S. Provisional Application No. 62/957,195, filed on January 4, 2020. A true and correct copy of the '889 Patent is attached hereto as Exhibit A and made a part hereof.

26. The '889 Patent is directed to a repositionable frame system comprising, *inter alia*, a repositionable wall mount including a first magnetic element, and a frame including a second magnetic element that is magnetically attracted to the first magnetic element and a border frame section, wherein the repositionable wall mount includes a layer of foam and a magnetically receptive rubber layer that is bonded to the layer of foam.

27. In particular, claim 1 of the '889 Patent claims "A repositionable frame system comprising: a repositionable wall mount configured for being repositionably secured to a support surface, the repositionable wall mount including a first magnetic element; and a frame having a rear face that includes a second magnetic element that is magnetically attracted to the first magnetic element resulting in a magnetic coupling between the frame and the repositionable wall mount; wherein the frame has a border frame section that defines an outer periphery of the frame, the rear face of the frame including a center section disposed internal to the border frame section which protrudes outwardly from the center section, the second magnetic element being located within the center section and being offset and spaced from the border frame section so as to define a border area that surrounds the second magnetic element and extends from an outer peripheral edge of the second magnetic element to the border frame section; wherein the repositionable wall mount includes a layer of foam; a repositionable adhesive coated over the layer of foam and configured for contacting the support surface and allowing repositioning of the repositionable wall mount;

and a magnetically receptive rubber layer that is permanently bonded to the layer of foam." Exhibit A, The '889 Patent, Col. 7, lines 21-44.

## MIXTILES' INFRINGING ACTIVITY

28.     Mixtiles compete with Tracer in the repositionable frame system market, more specifically in the field of magnetically coupled photo frame systems and services.

29.      Upon information and belief, Mixtiles market to customers in the United States and worldwide, for repositionable frames systems, photo books and related services.

30.     Mixtiles currently make, use, sell or offer for sale, and import into the United States repositionable magnetic frame system products referred to as the "Mixtiles," "Stickable Photo Tiles," "Restickable Photo Tiles" or "Magnetic Hanging System," among others (collectively the "Accused Products"). Representative images of Mixtiles' repositionable magnetic frame system products are set forth below:



Mixtiles, Ltd., Restickable Photo Tiles, https://create.mixtiles.com/small-photo-tiles (last visited September 13, 2024).






Mixtiles, Ltd., Stunning Photo Walls Made Easy, https://www.mixtiles.com/ (last visited September 13, 2024).

31. The Accused Products infringe one or more claims of the Asserted Patent, including at least claims 1 and 17-19 of the '889 Patent.

32. The Accused Products meet each and every limitation of at least claim 1 and 17-19 of the '889 Patent as shown in the chart comparing claim 1 to the Mixtiles products that appear in Mixtiles' Magnet hanging instructions video, https://youtu.be/N0LjYkLkNig, uploaded in the Help section of Mixtiles website, https://help.mixtiles.com/en/articles/4742191-how-to-hang-your-mixtiles, which is representative of the Accused Products, attached hereto as Exhibit H.

33. Upon information and belief, Mixtiles, individually and collectively, have infringed and continue to infringe the Asserted Patent by at least using, selling, and offering for sale the Accused Products in the United States and importing the Accused Products into the United States. Specifically, upon information and belief, Mixtiles market the Accused Products to customers in the United States, by *inter alia*, selling or offering to sell the Accused Products to customers, through its online website https://www.mixtiles.com/ and providing support services for the Accused Products to customers.

34. In the alternative, Mixtiles, Ltd. has induced and is continuing to induce infringement of the Asserted Patent by actively and knowingly inducing Mixtiles USA to make, use, sell, offer for sale, or import the Accused Products that infringe one or more claims of the Asserted Patent. Upon information and belief, Mixtiles, Ltd. has designed, manufactured, marketed and provided to Mixtiles USA the Accused Products that Mixtiles USA sold to customers in the United States; has provided and presently intend to provide Mixtiles USA's customers with customer support services including instructions for using the Accused Products and refund

services, which facilitates Mixtiles USA's sales; and, as of at least November 21, 2024, when Mixtiles received Tracer's letter informing Mixtiles of infringement of the '889 Patent, such acts are performed by Mixtiles, Ltd. with knowledge that the sale of the Accused Products by Mixtiles USA infringes the Asserted Patent and with the specific intent that Mixtiles USA engage in such infringing activity.

35. Upon information and belief, Mixtiles sold the Accused Product to at least one customer located in this District.

36. In that the Accused Products meet the limitations of one or more claims of the Asserted Patent either literally or under the doctrine of equivalents, including at least claim 1 of the '889 Patent, the use of the Accused Product by Mixtiles' customers to hang photo frames on the wall constitutes an infringing use of a product covered by the Asserted Patent.

37. In connection with the sale of the Accused Products to customers, Mixtiles provide customers with detailed instruction for installing the Accused Products on the wall and using the Accused Products. For example, the "How to Hang Your Mixtiles" guide on the Mixtiles website attached as Exhibit I provides customers with instructions for installation and use of the Accused Products. https://help.mixtiles.com/en/articles/4742191-how-to-hang-your-mixtiles.

38. On information and belief, Mixtiles have induced and are continuing to induce infringement of the Asserted Patent by actively and knowingly inducing others to use, sell, offer for sale, or import the Accused Products that infringe one or more claims of the Asserted Patent. Specifically, Mixtiles have: sold, continued to sell, and presently intend to sell, the Accused Products to customers in the United States; have provided, continued to provide, and presently intend to provide those customers with detailed instructions for using the Accused Products; and, as of at least November 21, 2024, when Mixtiles received Tracer's letter informing Mixtiles of

infringement of the '889 Patent, such acts are performed by Mixtiles with knowledge that the use of the Accused Products by Mixtiles' customers infringes the Asserted Patent and with the specific intent that Mixtiles' customers engage in such infringing activity.

### MIXTILES' PRE-SUIT KNOWLEDGE OF TRACER'S PATENTS AND CHARGE OF INFRINGEMENT

39. Before filing this action, on November 21, 2024, Tracer sent the letter attached as Exhibit J to Mixtiles notifying about Tracer's patents and Mixtiles' infringement thereof and requesting Mixtiles to cease and desist the infringing activities. Among other things, Tracer identified one of its patents, U.S. Patent No.12,108,889, and an exemplary infringing product of Mixtiles, and provided a claim chart demonstrating how the patent is infringed by the Mixtiles product. Although Tracer on this letter gave Mixtiles two weeks to respond, which made Mixtiles' response due December 5, 2024, Mixtiles responded on December 4, 2024 requesting an extension of time to respond. In the spirit of good faith, Tracer agreed to extend the time for Mixtiles' response until December 16, 2024. Mixtiles did not responded to Tracer's letter until December 17, 2024, and its response was inadequate, particularly because Mixtiles continue to infringe by offering for sale and selling the Accused Product in the United States including this District.

### COUNT ONE
### (Infringement of the '889 Patent, 35 U.S.C. § 271)

40. Plaintiff Tracer repeats and alleges as if fully set forth herein the allegations contained in all the preceding paragraphs ¶¶ 1-39.

41. The '889 Patent is valid and enforceable.

42. The Accused Product meets the limitations of one or more claims of the '889 Patent either literally or under the doctrine of equivalents, including at least claims 1 and 17-19.

11

43. Mixtiles, either individually or collectively, have directly infringed and continue to directly infringe one or more claims of the '889 Patent in violation of 35 U.S.C. § 271(a) by manufacturing, using, providing, selling, offering to sell, importing and/or distributing without authority the Accused Products in the United States and in this District.

44. In the alternative, Mixtiles, Ltd. indirectly infringes and continues to indirectly infringe one or more claims of the '899 Patent, including at least claims of 1 and 17-19 in violation of 35 U.S.C. § 271(b), by knowingly inducing Mixtiles USA to sell, offer to sell, and/or import the Accused Product that embodies the '889 Patent with the specific intent that Mixtiles USA engage in such infringing activity.

45. Mixtiles, either individually or collectively, indirectly infringe and continue to indirectly infringe one or more claims of the '889 Patent, including at least claims 1 and 17-19 in violation of 35 U.S.C. § 271(b), by knowingly inducing one or more of Mixtiles' customers to purchase, install and/or use the Accused Product that embodies the '889 Patent with the specific intent that Mixtiles' customers engage in such infringing activity.

46. As outlined above, under the totality of the circumstances, Mixtiles' infringement of the '889 Patent is willful from at least the date that Mixtiles first learned of the '889 Patent.

47. In any event, Mixtiles had knowledge of the '889 Patent, Mixtiles' infringement of the '889 Patent, and the infringement of the '889 Patent by Mixtiles' customers, at the latest as of the filing date of this complaint.

48. On information and belief, Mixtiles have gained profits and market share by virtue of its infringement of the '889 Patent.

49. Tracer has sustained damages as a direct and proximate result of Mixtiles' infringement of the '889 Patent.

50. Tracer is entitled to recover at least a reasonable royalty, and its lost profits, enhanced damages, costs and expenses and attorney fees, and all other relief allowed under the Patent Act.

51. Tracer will suffer and is suffering irreparable harm from Mixtiles' infringement of the '889 Patent. Tracer has no adequate remedy at law and is entitled to an injunction against Mixtiles' continuing infringement of the '889 Patent. Unless enjoined, preliminary and permanently, Mixtiles will continue its infringing conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tracer respectfully requests that the Court grant the following relief:

a. A judgment that Defendants Mixtiles have infringed one or more claims of the '889 Patent;

b. A judgement that Defendants Mixtiles' infringement of the '889 Patent was willful;

c. An order preliminarily and permanently enjoining Mixtiles, its owners, subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents and wholly owned entities, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from further acts of infringement of Tracer's asserted '889 Patent;

d. An award of damages to compensate Tracer for Mixtiles' infringement under 35 U.S.C. § 284;

e. An Order awarding Tracer a reasonable royalty;

f. An award of all damages, including treble damages based on any infringement found to be willful, pursuant to 35 U.S.C. § 284;

g. An Order awarding Tracer pre-judgment and post-judgment interest on all applicable damages at the maximum rates permitted by applicable law;

h. An accounting for all damages not presented at trial;

i. An Order declaring this case exceptional and awarding Tracer its reasonable attorney fees pursuant to 35 U.S.C. § 285; and

j. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Tracer demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Andrew E. Russell*
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
*Attorneys for Plaintiff Tracer Imaging LLC*

OF COUNSEL:
Yuval Marcus
Robert M. Isackson
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
(914) 288-0022

Dated: December 17, 2024