IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRACER IMAGING LLC, | ) |
| | ) |
| | ) C.A. No. 24-1386-JLH |
| Plaintiff, | ) |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| MIXTILES, LTD., and MIXTILES USA, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS MIXTILES, LTD.'S AND MIXTILES USA, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF TRACER IMAGING'S CLAIMS OF DIRECT AND INDIRECT PATENT INFRINGEMENT UNDER FED. R. CIV. P. 12(b)(6)**

OF COUNSEL:

CROWELL & MORING LLP
William H. Frankel
David P. Lindner
455 N. Cityfront Plaza Drive
Suite 3600
Chicago, IL 60611

HEYMAN ENERIO
GATTUSO & HIRZEL LLP
Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801

*Attorneys for Defendants Mixtiles, Ltd. and Mixtiles USA, Inc.*

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| II. | SUMMARY OF THE ARGUMENT | 1 |
| III. | STATEMENT OF FACTS | 2 |
| IV. | LEGAL STANDARD | 4 |
| V. | TRACER HAS NOT ALLEGED FACTS TO SUPPORT A CLAIM FOR DIRECT INFRINGEMENT OF THE '889 PATENT | 5 |
| VI. | TRACER HAS NOT ALLEGED FACTS TO SUPPORT A CLAIM FOR INDIRECT INFRINGEMENT OF THE '889 PATENT | 8 |
| VII. | TRACER HAS NOT ALLEGED FACTS TO SUPPORT INJUNCTIVE RELIEF | 9 |
| VIII. | CONCLUSION | 10 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*AK Meeting IP, LLC v. Epic Games, Inc.*,
  No. 1:23-CV-8214-GHW, 2024 WL 4299686 (S.D.N.Y. Sept. 26, 2024)..............................5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)....................................................................................................4, 6, 9, 10

*Atlas IP, LLC v. Exelon Corp.*,
  189 F. Supp. 3d 768 (N.D. Ill. 2016) ...........................................................................4, 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................................4

*CAE Screenplates Inc. v. Heinrich Fiedler GmbH & Co. KG*,
  224 F.3d 1308 (Fed. Cir. 2000)....................................................................................8

*Clouding IP, LLC v. Google Inc.*,
  No. CV-12-639-LPS, 2013 WL 5176702 (D. Del. Sept. 16, 2013)............................9

*De La Vega v. Microsoft Corp.*,
  No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)..............5

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
  888 F.3d 1256 (Fed. Cir. 2018).................................................................................4, 5

*eBay Inc. v. MercExchange, L.L.C.*,
  547 U.S. 388 (2006)...................................................................................................2, 9

*M & C Innovations, LLC v. Igloo Prods. Corp.*,
  No. 4:17-CV-2372, 2018 WL 4620713 (S.D. Tex. Jul. 31, 2018) ............................9

*North Star Innovations, Inc. v. Micron Tech., Inc.*,
  No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017) ........................4

*SuperInterconnect Tech. LLC v. HP, Inc.*,
  No. 19-cv-0169-CFC, 2019 WL 6895877 (D. Del. Dec. 18, 2019) .....................5, 8

*Uniloc 2017 LLC v. Zenpayroll, Inc.*,
  No. CV 19-1075-CFC-SRF, 2020 WL 4260616 (D. Del. July 23, 2020) ........4, 5, 8

**Other Authorities**

Fed. R. Civ. P. 8 ............................................................................................................................4

Fed. R. Civ. P. 12 ......................................................................................................................1, 10

## I. NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Tracer Imaging LLC ("Tracer") sued Defendants Mixtiles Ltd. and Mixtiles USA, Inc. (collectively "Mixtiles") for direct and indirect infringement of U.S. Patent No. 12,108,889 ("the '889 patent"). Mixtiles moves to dismiss Tracer's Complaint (D.I. 1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. SUMMARY OF THE ARGUMENT

*First*, Plaintiff's allegations fail to satisfy the *Twombly/Iqbal* plausibility standard that Tracer Imaging LLC is entitled to relief. The patent at issue is directed to "a frame for displaying an object, such as a photograph or artwork," D.I. 1, Ex. A at 1:15-16, and includes only a single independent claim. This independent claim 1 affirmatively recites two essential elements: (1) "the border frame section which protrudes outwardly from the center section," and (2) "the second magnet element . . . being offset and spaced from the border frame section. . . ." *Id.* at 7:31-33 and 7:33-35, respectively. While Plaintiff's Complaint includes many conclusory assertions that Defendants Mixtiles Ltd.'s and Mixtiles USA, Inc.'s product infringes the asserted patent, noticeably absent from the Complaint and Plaintiff's attached claim chart is any factual allegation that the accused products include structure corresponding to at least these necessary claim elements. The Complaint itself never mentions them, and the attached claim chart completely ignores them as if they do not exist in the accused product. Plaintiff's Complaint lacks any well-pleaded facts to give rise to a plausible inference that Mixtiles' accused products meet all the elements of the claims of the asserted patent, and therefore the Complaint alleging direct infringement must be dismissed.

*Second*, because Tracer has not plausibly alleged that Mixtiles directly infringes the '889 Patent, it cannot plausibly allege that Mixtiles indirectly infringes the '889 Patent.

1

*Third*, Mixtiles also moves to dismiss, or alternatively, to strike Plaintiff's request for injunctive relief, which is based solely on a cursory recitation of only a subset of the *eBay* injunctive relief factors. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). In any event, Tracer has pleaded no facts to support any of the *eBay* factors, and therefore its Complaint once again fails to satisfy the *Twombly/Iqbal* plausibility standard.

**III.    STATEMENT OF FACTS**

The '889 Patent "is directed to a frame for displaying an object, such as a photograph or artwork and, more particularly, relates to a framing (frame) system or assembly that includes magnetic attraction for attracting the frame to a support surface, such as a wall, while permitting easy repositioning of the frame, as well as an accessory for mounting a plurality of the framing systems." *See, e.g.*, D.I. 1, Ex. A at 1:15-22 (an accessory is not at issue in this case). Claim 1, the only independent claim of the '889 Patent, recites:

> A repositionable frame system comprising:
> a repositionable wall mount configured for being repositionably secured to a support surface, the repositionable wall mount including a first magnetic element; and
> a frame having a rear face that includes a second magnetic element that is magnetically attracted to the first magnetic element resulting in a magnetic coupling between the frame and the repositionable wall mount, wherein the frame has a border frame section that defines an outer periphery of the frame, **the rear face of the frame including a center section disposed internal to the border frame section which protrudes outwardly from the center section**, **the second magnetic element being located within the center section and being offset and spaced from the border frame section so as to define a border area that surrounds the second magnetic element and extends from an outer peripheral edge of the second magnetic element to the border frame section**;
> wherein the repositionable wall mount includes a layer of foam; a repositionable adhesive coated over the layer of foam and configured for contacting the support surface and allowing repositioning of the repositionable wall mount; and a magnetically receptive rubber layer that is permanently bonded to the layer of foam.

2

*Id.* at 7:20-44[1] (emphasis added).[2]

This claim, and all claims depending therefrom, require: (1) "the rear face of the frame including a center section disposed internal to the border frame section which protrudes outwardly from the center section" (*id*. at 7:30-33) and (2) "the second magnetic element being located within the center section and being offset and spaced from the border frame section so as to define a border area that surrounds the second magnetic element and extends from an outer peripheral edge of the second magnetic element to the border frame section" (*id*. at 7:33-38).

Tracer's direct infringement allegations are contained within three numbered paragraphs of the Complaint (D.I. 1 at ¶¶ 31-33), and a deficient claim chart it attached to the Complaint (*see* Ex. H to the Complaint, D.I. 1-8).  Paragraph 31 is nothing more than a legal conclusion.  While paragraph 33 identifies a Mixtiles website, its allegations pertaining to infringement are likewise legal conclusions that are devoid of any factual support identifying the elements of Tracer's '889 Patent claims in the accused product.  Finally, paragraph 32 yet again includes only legal conclusions, but references Tracer's Exhibit H claim chart.  The Exhibit H claim chart identifies the above limitations as elements [1.5] and [1.6], respectively.  D.I. 1, Ex. H at 4-5.  But the claim chart does not correlate the words of those particular claim elements with any structure of the accused products and thus fails to show how elements [1.5] and [1.6] are present in the accused product.  Stated another way, plaintiff has simply recited claim language without showing any association, let alone a plausible inference, that these limitations are present in the accused products.

---

[1] Citation refers to column:line(s) of the '889 Patent.
[2] Tracer alleges that the accused products infringe at least claims 1 and 17-19 of the '889 Patent. D.I. 1 at ¶ 31.  Claims 17 – 19 depend from claim 1, and are not further addressed in the Complaint and need not be addressed in the present motion.

## IV.    LEGAL STANDARD

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Such a claim must plausibly suggest facts sufficient to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Th[is] plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678.

The Federal Circuit reviews procedural issues, including a grant of a motion to dismiss according to the law of the respective regional circuit. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1259 (Fed. Cir. 2018). "[C]ourts in this district…require plaintiffs making direct infringement claims to plead facts that plausibly indicate that the accused products contain each of the limitations found in the claim." *Uniloc 2017 LLC v. Zenpayroll, Inc.*, No. CV 19-1075-CFC-SRF, 2020 WL 4260616, at *2-5 (D. Del. July 23, 2020), report and recommendation adopted, No. CV 19-1075-CFC/SRF, 2020 WL 5077416 (D. Del. Aug. 27, 2020) (citations and quotes omitted) (dismissing claim of infringement because patentee's claim chart did not identify how accused products met claim limitations).

"[F]actual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement — they are merely compatible with infringement" and thus require dismissal. *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016), aff'd sub nom. *Atlas IP, LLC. v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017); *North Star Innovations, Inc. v. Micron Tech., Inc.*, No. 17-506-LPS-CJB, 2017 WL 5501489, at *1 (D. Del. Nov. 16, 2017), report and recommendation adopted, 2018 WL 11182741 (D. Del. Jan. 3, 2018) ("In order to adequately allege direct infringement here, Plaintiff needs to have pleaded facts that plausibly indicate that Defendant's accused products

4

practice each of the limitations found in the . . . asserted claims."); *SuperInterconnect Tech. LLC v. HP, Inc.*, No. 19-cv-0169-CFC, 2019 WL 6895877, at*1-2 (D. Del. Dec. 18, 2019) (dismissing complaint that "fail[ed] to allege facts showing *how*…the accused product plausibly reads on the claim elements").

"Because the failure to practice even a single element is all that separates innovation from infringement, there is always an obvious alternative explanation where a plaintiff does not allege facts about each element . . . ." *Atlas IP*, 189 F. Supp. 3d at 775. While the *floor* for pleading patent infringement is low (*see Disc Disease Sols.*, 888 F.3d at 1259-60), nothing prevents the Court from dismissing claims where plaintiffs demonstrate the nonexistence of their case by providing a deficient claim chart as Tracer has done here. *E.g.*, *Uniloc*, 2020 WL 4260616, at *2-5 (dismissing claim of infringement because patentee's claim chart did not identify how accused products met claim limitations); *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6-7 (W.D. Tex. Feb. 11, 2020) (dismissing claim of patent infringement in part because all claim limitations of independent claim 1 were not described in complaint or attached photographs of accused product); *AK Meeting IP, LLC v. Epic Games, Inc.*, No. 1:23-CV-8214-GHW, 2024 WL 4299686, at *6-7 (S.D.N.Y. Sept. 26, 2024) (finding plaintiff's first amended complaint did not plausibly plead presence of claim elements in defendant's products).

## V.  TRACER HAS NOT ALLEGED FACTS TO SUPPORT A CLAIM FOR DIRECT INFRINGEMENT OF THE '889 PATENT

Tracer's allegations fail to satisfy the *Twombly/Iqbal* standard for pleading direct patent infringement. The sole independent claim addressed in Tracer's Complaint (claim 1) requires:

(1) "the rear face of the frame including a center section disposed internal to the boarder frame section which protrudes outwardly from the center section" ('889 Patent at 7:30-33); and

(2) "the second magnetic element being located within the center section and being offset and spaced from the border frame section so as to define a border area that

5

>surrounds the second magnetic element and extends from an outer peripheral edge of the second magnetic element to the border frame section" (*id.* at 7:33-38).

Tracer's Complaint fails to allege any facts to support the existence of these limitations in the accused products. Rather, the numbered paragraphs do little more than advance conclusory allegations. *See* D.I. 1 at ¶¶ 31-33. Paragraphs 31-33 are legal conclusions and formulaic recitations of claims of patent infringement that are not entitled to be assumed true. *Ashcroft*, 556 U.S. at 681. Moreover, each of these paragraphs are silent as to how the accused product meets any of the limitations of the claims of the '889 Patent. While paragraph 32 of Tracer's Complaint references Tracer's attached claim chart (D.I. 1-8), this claim chart is deficient and fails to identify structure corresponding to the "protrudes outwardly" and "being offset and spaced from the border frame section" limitations referenced above. Specifically, the highlighted claim language, as shown below, is conspicuously absent from Tracer's product analysis. For example, with respect to the first excerpt shown below, Tracer's callout recites "Rear face frame center section internal to border frame (three sides shown on image)," but says nothing about how the accused products meet the required claim language of "the border frame section which protrudes outwardly from the center section."



*See* D.I. 1, Ex. H at 4-5 (elements [1.5] and [1.6]) (highlighting added).

Tracer's Complaint has failed to identify any structure that could plausibly be considered "a border frame section" that "**protrudes outwardly**" from the center section for element [1.5]. *Id.* (emphasis added). Tracer's conclusory allegations merely state that Mixtiles infringes. *See* D.I. 1 at ¶¶ 31-33. And Tracer's claim chart identifies only a "[r]ear face frame section internal to [the] border frame." *See* D.I. 1, Ex. H at 4 (element [1.5]). Without regard to whether Tracer has even identified corresponding elements for this limitation in the accused product, Tracer has failed to identify **each and every** element of limitation [1.5], leaving Mixtiles to guess at Tracer's infringement theory.

Similarly, Tracer's Complaint fails to identify any structure that could plausibly be interpreted as "the second magnetic element being . . . **offset and spaced** from the border frame section so as to define a border area that surrounds the second magnetic element and extends from

7

an outer peripheral edge of the second magnetic element to the border frame section" for element [1.6] (emphasis added). *See* D.I. 1 at ¶¶ 31-33; D.I. 1, Ex. H at 4-5. Tracer's claim uses both the terms "offset" and "spaced from" in relation to the border frame section, and in a conjunctive manner meaning that both must be present in the accused products. *See, e.g.,* D.I. 1, Ex. H at 4; D.I. 1, Ex. A at 7:34-35. Each of the terms "offset" and "spaced from" has its own meaning. *See, e.g.*, *CAE Screenplates Inc. v. Heinrich Fiedler GmbH & Co. KG*, 224 F.3d 1308, 1317 (Fed. Cir. 2000) (different claim terms are presumed to have different meanings). The Court need not concern itself with the meaning of either of these terms at this time because Tracer's infringement allegations with respect to element [1.6] are just as conclusory here as with element [1.5]. *See* D.I. 1 at ¶¶ 31-33. Notably, however, Tracer's claim chart completely ignores any identification of how either of these terms are present in in the accused product, and in fact ignores nearly 75% of the words recited in element [1.6]. The only portions of element [1.6] that Tracer even attempts to identify is "[s]econd magnetic element located within [the] center section" and a "[b]order frame section/border." *See* D.I. 1, Ex. H at 4-5 (element [1.6], righthand column). Whether or not Tracer has even correctly identified structure corresponding to these elements, it is without doubt that Tracer has failed to identify **each and every** element of limitation [1.6], again leaving Mixtiles to guess at Tracer's infringement theory.

As a consequence of the foregoing, Tracer's Complaint fails under the applicable pleading standards and should be dismissed. *Uniloc*, 2020 WL 4260616, at *2-5.

## VI.   TRACER HAS NOT ALLEGED FACTS TO SUPPORT A CLAIM FOR INDIRECT INFRINGEMENT OF THE '889 PATENT

There can be no indirect infringement without direct infringement. *SuperInterconnect*, 2019 WL 6895877, at *1-2. Because Tracer's pleading fails to sufficiently plead direct infringement, it has also failed to sufficiently plead indirect infringement. *See id*; *Supra.* Part IV.

8

### VII.     TRACER HAS NOT ALLEGED FACTS TO SUPPORT INJUNCTIVE RELIEF

Tracer's Complaint also fails to allege facts sufficient to support injunctive relief.

To state a claim for injunctive relief, a plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay*, 547 U.S. at 391 (2006).  In support of injunction relief, Tracer's Complaint recites only two conclusory allegations: (1) "Tracer will suffer and is suffering irreparable harm from Mixtiles' infringement of the '889 Patent," and (2) "Tracer has no adequate remedy at law and is entitled to an injunction against Mixtiles' continuing infringement of the '889 Patent."  *See* D.I. 1 at ¶ 51.  But the Complaint alleges no facts to support plausible inferences that Tracer has suffered irreparable injury such that monetary damages would be insufficient.  *See Ashcroft*, 556 U.S. at 678 (formulaic recitations of legal conclusions are legally insufficient to form a basis for relief).

Additionally, while Tracer asserts that it competes with Mixtiles in the "repositionable frame system market," it paints with too broad a brush.  D.I. 1 at ¶ 28.  Specifically, Tracer does not allege that it produces any products covered by the '889 Patent.  The Supreme Court's holding in *eBay* generally precludes non-practicing entities from obtaining a preliminary injunction.  *See e.g.*, *eBay*, 547 U.S. at 396-97 (Kennedy, J. concurring) (warning against the undue leverage preliminary injunctions grant non-practicing entities); *Clouding IP, LLC v. Google Inc.*, No. CV-12-639-LPS, 2013 WL 5176702, at *1 (D. Del. Sept. 16, 2013) (court agreeing that *eBay* "generally precludes non-practicing entities from obtaining a preliminary injunction."); *M & C Innovations, LLC v. Igloo Prods. Corp.*, No. 4:17-CV-2372, 2018 WL 4620713, at *6 (S.D. Tex.

9

Jul. 31, 2018) (dismissing patentee's request for a preliminary injunction because in part patentee was a non-practicing entity).

Tracer's Complaint supports its request for an injunction with nothing more than a "[t]hreadbare recital of the [injunction] elements" that is legally insufficient. *See Ashcroft*, 556 U.S. at 678. Tracer has not stated a plausible claim for injunctive relief and the Court should dismiss or strike its prayer for such relief.

## VIII.  CONCLUSION

For the reasons discussed above, Mixtiles respectfully requests the Court grant its motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure.

|  |  |
|---|---|
| OF COUNSEL:<br><br>William H. Frankel<br>David P. Lindner<br>CROWELL & MORING LLP<br>455 N. Cityfront Plaza Drive<br>Suite 3600<br>Chicago, IL 60611<br>(312) 321-4200<br>wfrankel@crowell.com<br>dlindner@crowell.com<br><br>Dated: March 28, 2025 | HEYMAN ENERIO<br>GATTUSO & HIRZEL LLP<br><br>*/s/ Dominick T. Gattuso*<br>Dominick T. Gattuso (#3630)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE  19801<br>(302) 472-7300<br>dgattuso@hegh.law<br><br>*Attorneys for Defendants Mixtiles, Ltd. and Mixtiles USA, Inc.* |