IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TRACER IMAGING LLC, | ) ) ) | C.A. No. 24-1386-JLH |
| Plaintiff, | ) ) | |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| MIXTILES, LTD., and MIXTILES USA, INC. | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS MIXTILES, LTD.'S AND MIXTILES USA, INC.'S OPENING BRIEF IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF TRACER IMAGING LLC'S
FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

OF COUNSEL:

CROWELL & MORING LLP
William H. Frankel
David P. Lindner
455 N. Cityfront Plaza Drive
Suite 3600
Chicago, IL 60611

HEYMAN ENERIO
GATTUSO & HIRZEL LLP
Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801

*Attorneys for Defendants Mixtiles, Ltd. and
Mixtiles USA, Inc.*

**TABLE OF CONTENTS**

I.      NATURE AND STAGE OF THE PROCEEDINGS ...........................................................1

II.     SUMMARY OF THE ARGUMENT ................................................................................1

III.    STATEMENT OF FACTS ................................................................................................2

IV.     LEGAL STANDARD .......................................................................................................5

V.      TRACER STILL HAS NOT ALLEGED FACTS TO SUPPORT A CLAIM
        FOR DIRECT INFRINGEMENT OF THE '889 PATENT ................................................7

VI.     TRACER STILL HAS NOT ALLEGED FACTS TO SUPPORT A CLAIM
        FOR INDIRECT INFRINGEMENT OF THE '889 PATENT...........................................12

VII.    CONCLUSION...............................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AK Meeting IP, LLC v. Epic Games, Inc.*,
   No. 1:23-CV-8214-GHW, 2024 WL 4299686 (S.D.N.Y. Sept. 26, 2024)................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................................................5, 7

*Atlas IP, LLC v. Exelon Corp.*,
   189 F. Supp. 3d 768 (N.D. Ill. 2016), .....................................................................................6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................................5

*Blix Inc. v. Apple, Inc.*,
   No. 19-1869-LPS, 2021 WL 2895654 (D. Del. Jul. 9, 2021)..................................................11

*CAE Screenplates Inc. v. Heinrich Fiedler GmbH & Co. KG*,
   224 F.3d 1308 (Fed. Cir. 2000)....................................................................................9, 10, 11

*De La Vega v. Microsoft Corp.*,
   No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)............................7

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
   888 F.3d 1256 (Fed. Cir. 2018)............................................................................................5, 6

*North Star Innovations, Inc. v. Micron Tech., Inc.*,
   No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017) .........................................6

*SuperInterconnect Tech. LLC v. HP, Inc.*,
   No. 19-cv-0169-CFC, 2019 WL 6895877 (D. Del. Dec. 18, 2019) ...................................6, 12

*Uniloc 2017 LLC v. Zenpayroll, Inc.*,
   No. CV 19-1075-CFC-SRF, 2020 WL 4260616 (D. Del. July 23, 2020) ............................6, 7

**Other Authorities**

Fed. R. Civ. P. 8...........................................................................................................................5

Fed. R. Civ. P. 12.....................................................................................................................1, 12

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Tracer Imaging LLC ("Tracer") sued Defendants Mixtiles Ltd. and Mixtiles USA, Inc. (collectively "Mixtiles") for direct and indirect infringement of U.S. Patent No. 12,108,889 ("the '889 patent").  Mixtiles moved to dismiss (D.I. 16) Tracer's Complaint (D.I. 1).  Tracer amended its Complaint (D.I. 18).  Mixtiles now moves to dismiss with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    SUMMARY OF THE ARGUMENT

Tracer's amended infringement allegations are nothing more than vaguely recasting into words the deficient infringement claim chart that was included with its original complaint. Just as its original claim chart was deficient, so too are Tracer's amended infringement allegations. Tracer's original and now First Amended Complaint ("FAC") includes 40 pages of exhibits (D.I. 18, Exs. B-G), detailing various portions of Mixtiles' webpages through which Tracer cobbles together an allegation that the accused products infringe (*see, e.g.*, D.I. 18, ¶ 48), yet nowhere in the FAC does Tracer plausibly indicate where each of the limitations of the claims are present in the actual accused products.  Although Tracer must have inspected an actual Mixtiles product before bringing suit, it fails to apply its patent claims to an actual product so as to make out a prima facie infringement allegation.  Instead, Tracer relies on vague descriptions, ambiguously drawn lines, and conclusory references to a video that simply regurgitates the claim language and adds no clarification whatsoever to the deficient allegations and claim chart in its original Complaint. The *Twombly/Iqbal* standard requires more, and having twice failed to satisfy the required pleading standard, Mixtiles now moves the Court to dismiss Tracer's complaint with prejudice.

*First*, Plaintiff's threadbare allegations fail to satisfy the *Twombly/Iqbal* plausibility standard that Tracer is entitled to relief.  The patent at issue is directed to "a frame for displaying an object, such as a photograph or artwork," D.I. 18, Ex. A at 1:15-16, and includes only a single

1

independent claim.  This independent claim 1 affirmatively recites, inter alia, two essential elements: (1) "the border frame section which protrudes outwardly from the center section," and (2) "the second magnet element . . . being offset and spaced from the border frame section. . . ." *Id.* at 7:31-33 and 7:33-35, respectively.  While Plaintiff's FAC includes many conclusory allegations that the accused products infringe the asserted patent, noticeably absent from the FAC and Plaintiff's attached claim chart is any plausible factual allegation that the accused products include structure corresponding to at least these necessary claim elements.  The FAC simply concludes that the accused products "clearly" practice these elements without identifying the corresponding structure that supposedly "clearly" shows the elements.  D.I. 18 at ¶¶ 34-48.  To the extent the FAC purports to identify structure, it deceptively quotes around claim language with ellipses or truncated quotations to avoid identifying necessary structure that the accused products lack.  *See id.*  And Tracer's FAC included no amendments to its claim chart, so the attached claim chart, Ex. H, fails to attribute these claim limitations to the accused products.  Consequently, Plaintiff's FAC lacks any well-pleaded facts to give rise to a plausible inference that Mixtiles' accused products meet all the elements of the asserted claims of the Tracer patent, and, therefore, the FAC alleging direct infringement must be dismissed.

*Second*, because Tracer has not plausibly alleged that Mixtiles directly infringes the '889 Patent, it cannot plausibly allege that Mixtiles indirectly infringes the '889 Patent.

III.    STATEMENT OF FACTS

The '889 Patent "is directed to a frame for displaying an object, such as a photograph or artwork and, more particularly, relates to a framing (frame) system or assembly that includes magnetic attraction for attracting the frame to a support surface, such as a wall, while permitting easy repositioning of the frame, as well as an accessory for mounting a plurality of the framing

systems." *See, e.g.*, D.I. 18, Ex. A at 1:15-22 (an accessory is not at issue in this case). Claim 1,

the only independent claim of the '889 Patent, recites:

> A repositionable frame system comprising:
> a repositionable wall mount configured for being repositionably secured to a support surface, the repositionable wall mount including a first magnetic element; and
> a frame having a rear face that includes a second magnetic element that is magnetically attracted to the first magnetic element resulting in a magnetic coupling between the frame and the repositionable wall mount, wherein the frame has a border frame section that defines an outer periphery of the frame, **the rear face of the frame including a center section disposed internal to the border frame section which protrudes outwardly from the center section**, **the second magnetic element being located within the center section and being offset and spaced from the border frame section so as to define a border area that surrounds the second magnetic element and extends from an outer peripheral edge of the second magnetic element to the border frame section**;
> wherein the repositionable wall mount includes a layer of foam; a repositionable adhesive coated over the layer of foam and configured for contacting the support surface and allowing repositioning of the repositionable wall mount; and a magnetically receptive rubber layer that is permanently bonded to the layer of foam.

*Id.* at 7:20-44[1] (emphasis added).[2]

This claim, and all asserted claims depending therefrom, require: (1) "the rear face of the

frame including a center section disposed internal to the border frame section which protrudes

outwardly from the center section" (*id*. at 7:30-33), and (2) "the second magnetic element being

located within the center section and being offset and spaced from the border frame section so as

to define a border area that surrounds the second magnetic element and extends from an outer

peripheral edge of the second magnetic element to the border frame section" (*id.* at 7:33-38).

---

[1] Citation refers to column:line(s) of the '889 Patent.
[2] Tracer alleges that the accused products infringe at least claims 1 and 17-19 of the '889 Patent. D.I. 18 at ¶ 34. Claims 17-19 depend from claim 1 and are not further addressed in the FAC and, therefore, need not be addressed in the present motion.

The Exhibit H claim chart identifies the above limitations as elements [1.5] and [1.6], respectively.  D.I. 18, Ex. H at 4-5.  But the claim chart does not correlate the words of those particular claim elements with any structure of the accused products and, thus, fails to show how elements [1.5] and [1.6] are present in the accused products.

Mixtiles' previous brief in support of its motion to dismiss identified that Tracer had failed to plead these two elements with sufficient particularity and merely contained legal conclusions. *See* D.I. 17 at 3, 5-8.  Tracer then amended its complaint simply by recasting the deficient allegations contained within its claim chart into numbered complaint allegations.  *Compare* D.I. 18 at ¶¶ 36-47 *with* D.I. 1 at ¶ 32, *and* D.I. 1, Ex. H.

Tracer devotes just three paragraphs in the First Amended Complaint to the two elements Mixtiles previously identified as insufficiently pled.  D.I. 18 at ¶¶ 44-46; D.I. 17 at 3, 5-8.  The allegations within the FAC regarding those elements recite portions of the claim language, describe the pictures shown in its claim chart, and conclude that the accused products "clearly" practice the recited element.  D.I. 18 at ¶¶ 44-46.  But these additions lack any substantive new content.

Further, the portions of the Mixtiles video cited in those paragraphs (timecodes 0:06 and 0:07) do not supplement Tracer's allegations as they were previously included in Tracer's initial Complaint and are identically included in Tracer's FAC.  *See* D.I. 1, Ex. H; D.I. 18, Ex. H.  For example, paragraph 44 recites:

> "At timecode 0:07 of the Mixtiles Video, Mixtiles show, in the left hand of the individual demonstrating the Accused Products, that the "rear face of the frame includ[es] a center section disposed internal to the border frame section." See Ex. H, at 4 of 6 ([1.5]). The video clearly shows a center section on the back of, and within the outer periphery of, the frame."

D.I. 18 at ¶ 44.  But as shown below, this merely recites what is already shown in section [1.5] of the claim chart at timecode 0:07 (*see* annotated red box below).  *See* D.I. 18, Ex. H at 4.

4



https://help.mixtiles.com/en/articles/4742191-hanging-your-tiles

[1.5] The rear face of the frame including a center section disposed internal to the border frame section which protrudes outwardly from the center section,



https://help.mixtiles.com/en/articles/4742191-hanging-your-tiles

*See* D.I. 18, Ex. H at 3-4 (boxes added).

Stated another way, Tracer has simply repeated the claim language without showing any association, let alone a plausible inference, that these limitations are present in the accused products.

## IV.    LEGAL STANDARD

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Such a claim must plausibly suggest facts sufficient to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Th[is] plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678.

The Federal Circuit reviews procedural issues, including a grant of a motion to dismiss according to the law of the respective regional circuit. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*,

5

888 F.3d 1256, 1259 (Fed. Cir. 2018).  "[C]ourts in this district…require plaintiffs making direct infringement claims to plead facts that plausibly indicate that the accused products contain each of the limitations found in the claim."  *Uniloc 2017 LLC v. Zenpayroll, Inc.*, No. CV 19-1075-CFC-SRF, 2020 WL 4260616, at \*2-5 (D. Del. July 23, 2020), report and recommendation adopted, No. CV 19-1075-CFC/SRF, 2020 WL 5077416 (D. Del. Aug. 27, 2020) (citations and quotes omitted) (dismissing claim of infringement because patentee's claim chart did not identify how accused products met claim limitations).

"[F]actual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement — they are merely compatible with infringement" and thus require dismissal.  *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC. v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017); *North Star Innovations, Inc. v. Micron Tech., Inc.*, No. 17-506-LPS-CJB, 2017 WL 5501489, at \*1 (D. Del. Nov. 16, 2017), report and recommendation adopted, 2018 WL 11182741 (D. Del. Jan. 3, 2018) ("In order to adequately allege direct infringement here, Plaintiff needs to have pleaded facts that plausibly indicate that Defendant's accused products practice each of the limitations found in the . . . asserted claims."); *SuperInterconnect Tech. LLC v. HP, Inc.*, No. 19-cv-0169-CFC, 2019 WL 6895877, at\*1-2 (D. Del. Dec. 18, 2019) (dismissing complaint that "fail[ed] to allege facts showing *how*…the accused product plausibly reads on the claim elements").

"Because the failure to practice even a single element is all that separates innovation from infringement, there is always an obvious alternative explanation where a plaintiff does not allege facts about each element . . . ."  *Atlas IP*, 189 F. Supp. 3d at 775.  While the *floor* for pleading patent infringement is low (*see Disc Disease Sols.*, 888 F.3d at 1259-60), nothing prevents the

6

Court from dismissing claims where plaintiffs demonstrate the nonexistence of their case by providing a deficient claim chart as Tracer has done here. *E.g.*, *Uniloc*, 2020 WL 4260616, at *2-5 (dismissing claim of infringement because patentee's claim chart did not identify how accused products met claim limitations); *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6-7 (W.D. Tex. Feb. 11, 2020) (dismissing claim of patent infringement in part because all claim limitations of independent claim 1 were not described in complaint or attached photographs of accused product); *AK Meeting IP, LLC v. Epic Games, Inc.*, No. 1:23-CV-8214-GHW, 2024 WL 4299686, at *6-7 (S.D.N.Y. Sept. 26, 2024) (finding plaintiff's first amended complaint did not plausibly plead presence of claim elements in defendant's products).

## V.    TRACER STILL HAS NOT ALLEGED FACTS TO SUPPORT A CLAIM FOR DIRECT INFRINGEMENT OF THE '889 PATENT

Tracer's allegations fail to satisfy the *Twombly/Iqbal* standard for pleading direct patent infringement. The sole independent claim addressed in Tracer's Complaint (claim 1) requires:

> [1.5] "the rear face of the frame including a center section disposed internal to the border frame section which protrudes outwardly from the center section" (D.I. 18, Ex. A at 7:30-33); and

> [1.6] "the second magnetic element being located within the center section and being offset and spaced from the border frame section so as to define a border area that surrounds the second magnetic element and extends from an outer peripheral edge of the second magnetic element to the border frame section" (*id.* at 7:33-38).

Tracer's FAC fails to allege any facts to support the existence of these limitations in the accused products. Rather, the numbered paragraphs do little more than advance conclusory allegations. *See* D.I. 18 at ¶¶ 34-48. For example, paragraphs 45-46 are legal conclusions and formulaic recitations of claims of patent infringement that are not entitled to be assumed true. *Ashcroft*, 556 U.S. at 681.

Moreover, the paragraphs dedicated to elements [1.5] and [1.6] are silent to certain claim features and illogical as to others when it comes to how the accused products meet the limitations

7

of the claims of the '889 Patent. And while they reference Tracer's attached claim chart (D.I. 18, Ex. H), this claim chart remains deficient and fails to identify structure corresponding to the "protrudes outwardly" and "being offset and spaced from the border frame section" limitations referenced above. Specifically, the highlighted claim language, as shown below, is conspicuously avoided in Tracer's product analysis. For example, with respect to the first excerpt shown below, Tracer's callout recites "Rear face frame center section internal to border frame (three sides shown on image)," but its claim chart says nothing about how the accused products meet the required claim language of "the border frame section which protrudes outwardly from the center section."



*See* D.I. 18, Ex. H at 4-5 (elements [1.5] and [1.6]) (highlighting added).

Tracer's new allegations in the FAC corresponding to these elements similarly fail to raise a plausible inference that the accused products practice the limitations of element [1.5]. Tracer

proclaims that the Mixtiles video shows that the "protrudes outwardly" limitation of element [1.5] is met in the accused products because "the foregoing 'center section…protrudes outwardly from the center section.'" D.I. 18 at ¶ 45 (ellipsis in original). However, the full claim language reads "the rear face of the frame including a center section disposed internal to the border frame section which protrudes outwardly from the center section." D.I. 18, Ex. A at 7:30-33.

Rather than attempt to identify "a border frame section which protrudes outwardly from the center section," Tracer has inserted an ellipsis into the quoted claim language of the '889 Patent in an improper attempt to rewrite the claim. *See* D.I. at ¶ 45. Tracer's FAC has failed to identify any structure that could plausibly be considered "a border frame section which protrudes outwardly from the center section" for element [1.5]. D.I. 18, Ex. A at 7:30-33 (emphasis added).

Further, closer inspection of paragraph 45 of Tracer's FAC highlights Tracer's improper attempt to rewrite this claim element. Specifically, according to Tracer's pleading, the "center section . . . protrudes outwardly from the center section." D.I. 18 at ¶ 45. This is illogical because "the center section" cannot "protrude outwardly" from **itself**. Defining a thing's position relative to the thing itself is not useful because the ultimate proof – that the center section protrude[s] outwardly – is not provable. Furthermore, Tracer's claim chart identifies the magnet on the back of the accused product as the "center section," but the '889 patent claims "a second magnetic element" and "a center section" separately, meaning they refer to different elements. *See, e.g.*, *CAE Screenplates Inc. v. Heinrich Fiedler GmbH & Co. KG*, 224 F.3d 1308, 1317 (Fed. Cir. 2000) (different claim terms are presumed to have different meanings).

Tracer's amendments have therefore gone beyond failing to supplement its initial Complaint. They have introduced further pleading deficiencies by conflating the "center section" with the "second magnetic element."

9

Tracer's allegations regarding the limitations of element [1.6] similarly fall short.  Tracer alleges:

> [T]he foregoing "second magnetic element," *i.e.* the center section of the rear face of the frame, is indeed "located within the center section" of the frame.  The Mixtiles Video…also clearly shows that the center section of the rear face of the frame having a relatively lighter gray is "offset and spaced from the border frame section…."

D.I. 18 at ¶ 46 (citing D.I. 18, Ex. H at 4-5).

Tracer's FAC fails to identify any structure that could plausibly be interpreted as "the second magnetic element being . . . **offset and spaced** from the border frame section so as to define a border area that surrounds the second magnetic element and extends from an outer peripheral edge of the second magnetic element to the border frame section" for element [1.6] (emphasis added).  *See* D.I. 18 at ¶ 46; D.I. 18, Ex. H at 4-5.  Tracer's claim uses both the terms "offset" and "spaced from" in relation to the "border frame section," and in a conjunctive manner meaning that both must be present in the accused products.  *See, e.g.,* D.I. 18, Ex. H at 4; D.I. 18, Ex. A at 7:34-35.  Each of the terms "offset" and "spaced from" has its own meaning.  *See, e.g., CAE Screenplates*, 224 F.3d at 1317 (different claim terms are presumed to have different meanings).  The Court need not concern itself with the meaning of either of these terms at this time because Tracer's infringement allegations with respect to element [1.6] are just as conclusory here as with element [1.5].  *See* D.I. 18 at ¶¶ 44-46.  Tracer's claim chart and corresponding allegations ignore any identification of how either of these terms are present in the accused product.  Whether or not Tracer has even correctly identified structure corresponding to these elements, it is without doubt that Tracer has failed to identify **each and every** element of limitation [1.6], again leaving Mixtiles to guess at Tracer's infringement theory.

Additionally, Tracer's presentation of "the center section" and the "magnetic element" and the alleged corresponding structure of the accused product for element [1.6] is again illogical and inconsistent with the surrounding claim language. Tracer's allegation here is illogical because it again defines a thing's position relative to the thing itself. Claiming that the "center section" is "'located within the center section'" is circular. Additionally, conflating the "second magnetic element" with the "center section" again runs counter to the principle that different claim terms have different meanings. *See, e.g.*, *CAE Screenplates Inc.*, 224 F.3d at 1317 (different claim terms are presumed to have different meanings).

Tracer's failures with respect to these elements are especially curious as it purports to have a sample of the product. *See* D.I. 18, at ¶ 47 ("At page 5 of 6 of Exhibit H, Plaintiff includes an actual image of a cross section of the Accused Products . . . ."). Given that Mixtiles had already identified these same issues in its first brief in support of its motion to dismiss, *see* D.I. 17 at 3, 5-8, the logical conclusion for Tracer's reliance on misleading parsing of the claim language and vague and conclusory allegations is that the elements are not present in the accused products. Because Tracer has already had the chance to cure these exact same failures and the same core issues identified by Mixtiles in its original motion to dismiss remain, Tracer's infringement claims should be dismissed in their entirety with prejudice. *See Blix Inc. v. Apple, Inc.*, No. 19-1869-LPS, 2021 WL 2895654, at *6 (D. Del. Jul. 9, 2021) (dismissing plaintiff's third amended complaint with prejudice because plaintiff failed to plausibly plead its claims after having been given multiple opportunities).

11

**VI.   TRACER STILL HAS NOT ALLEGED FACTS TO SUPPORT A CLAIM FOR INDIRECT INFRINGEMENT OF THE '889 PATENT**

There can be no indirect infringement without direct infringement. *SuperInterconnect*, 2019 WL 6895877, at *1-2.   Because Tracer's pleading fails to sufficiently plead direct infringement, it has also failed to sufficiently plead indirect infringement. *See id*; *Supra.* Part V.

**VII.   CONCLUSION**

Tracer fails to adequately plead infringement of the '889 Patent, and its claims based on that patent should be dismissed in their entirety.  Because Tracer has already attempted, and failed, to adequately plead infringement of the '889 Patent, Tracer's FAC with respect to those claims should be dismissed with prejudice.  Therefore, Mixtiles respectfully requests the Court grant its motion to dismiss with prejudice, pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure.

OF COUNSEL:

William H. Frankel
David P. Lindner
CROWELL & MORING LLP
455 N. Cityfront Plaza Drive
Suite 3600
Chicago, IL
(312) 321-4200
wfrankel@crowell.com
dlindner@crowell.com

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE  19801
(302) 472-7300
dgattuso@hegh.law

*Attorneys for Defendants Mixtiles, Ltd. and Mixtiles USA, Inc.*

Dated: April 23, 2025

12