UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

No. 1:24-cv-01386

**Tracer Imaging LLC,**
*Plaintiff,*
v.
**Mixtiles, Ltd., et al.,**
*Defendants.*

# ORDER

Defendants moved to dismiss plaintiff's first amended complaint (Doc. 18) with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Doc. 20. Defendants argue that plaintiff failed to identify corresponding structures on the accused products for each claim element. Doc. 21 at 4–5. Plaintiff moved for sanctions against defendants under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the court's inherent authority, Doc. 40 at 1, because defendants' motion to dismiss was "frivolous." Doc. 41 at 5. Both motions are denied.

## I. Background

Plaintiff owns U.S. Patent No. 12,108,889, which discloses a framing system using magnets to hang wall decor. '889 Patent col. 1 ll. 15–22. Plaintiff accuses defendants of infringing claims 1 and 17–19 of the '889 Patent. Doc. 18 at 15. Claim 1 covers:

> 1. A repositionable frame system comprising:
>
> [1.1] a repositionable wall mount configured for being repositionably secured to a support surface,
>
> [1.2] the repositionable wall mount including a first magnetic element; and
>
> [1.3] a frame having a rear face that includes a second magnetic element that is magnetically attracted to the first magnetic element resulting in a magnetic coupling between the frame and the repositionable wall mount,

> [1.4] wherein the frame has a border frame section that defines an outer periphery of the frame,
>
> [1.5] the rear face of the frame including a center section disposed internal to the border frame section which protrudes outwardly from the center section,
>
> [1.6] the second magnetic element being located within the center section and being offset and spaced from the border frame section so as to define a border area that surrounds the second magnetic element and extends from an outer peripheral edge of the second magnetic element to the border frame section;
>
> [1.7] wherein the repositionable wall mount includes a layer of foam; a repositionable adhesive coated over the layer of foam and configured for contacting the support surface and allowing repositioning of the repositionable wall mount; and a magnetically receptive rubber layer that is permanently bonded to the layer of foam.

'889 Patent col. 7 ll. 21–44 (elements of claim 1 divided according to plaintiff's infringement claim chart, Doc. 18-8).[1]

Plaintiff accuses defendants' "Mixtiles, Stickable Photo Tiles, Restickable Photo Tiles or Magnetic Hanging System, among others" of infringing the asserted claims. Doc. 18 at 8–10 (cleaned up). Those products are "repositionable magnetic fram[ing] system[s]" allegedly made, used, sold, offered for sale, or imported into the United States by defendants. *Id.* For the same products, plaintiff alternatively accuses defendant Mixtiles, Ltd., of inducing its alleged subsidiary, defendant Mixtiles USA, Inc., to infringe the '889 Patent and accuses both of inducing their customers to infringe the '889 Patent. *Id.* at 13–14.

Defendants argue that plaintiff has failed to meet the Rule 12(b)(6) plausibility standard because plaintiff's amended complaint and infringement claim chart fail to "identify[] the

[1] Claims 17–19 depend on claim 1. Defendants do not contest fair notice of infringement as to these additional dependent elements. *See* Doc. 21 at 10–14.

corresponding structure that" infringes each claim element. Doc. 21 at 4–5. Defendants' argument specifically focuses on claim elements [1.5] and [1.6]. *Id.* at 10. Defendants add that because plaintiff "fails to sufficiently plead direct infringement," plaintiff's claims of indirect infringement must also be dismissed. *Id.* at 15.

**II. Motion to dismiss analysis**

Federal Rule of Civil Procedure 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Federal Circuit reviews procedural issues, including Rule 12(b)(6) motions, according to regional circuit law. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1259 (Fed. Cir. 2018). In the Third Circuit, courts conduct a two-part analysis for Rule 12(b)(6) motions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court separates the factual and legal elements of a claim, "accept[ing] all of the complaint's well-pleaded facts as true, but . . . disregard[ing] any legal conclusions." *Id.* at 210–11. Second, the court determines whether the alleged facts sufficiently show a "plausible claim for relief." *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Assessing plausibility, the court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler*, 578 F.3d at 210. "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). "However, an exception to the general rule is that a document integral to or

explicitly relied upon in the complaint may be considered . . . ." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (cleaned up).

"A plaintiff is not required to plead infringement on an element-by-element basis." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). The complaint need only "place the alleged infringer on notice of what activity is being accused of infringement." *Id.* (cleaned up). "The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id.* at 1353. "There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Id.*

Plaintiff suggests that in-depth analysis of its factual allegations is unneeded. Under plaintiff's view, a complaint that identifies "at least one accused product," includes "a claim chart with photographs of the accused product," and alleges that the accused product infringes the asserted patent is sufficient to satisfy Rule 8. Doc. 22 at 5. There is no such bright-line rule. *See Bot M8*, 4 F.4th at 1353 ("a plaintiff cannot assert a plausible claim for infringement . . . by reciting the claim elements and merely concluding that the accused product has those elements").

Plaintiff supports this argument by overstating *Disc Disease*'s holding. There, the Federal Circuit found that the "case involve[d] a simple technology." *Disc Disease*, 888 F.3d at 1260. The plaintiff identified the accused products, attached photos of those products to the complaint, and alleged that the accused products infringed the asserted patents. *Id.* For *those asserted patents*, that was sufficient to establish fair notice of infringement. *Id. Disc Disease* did not hold that was sufficient in *every case*. *See id.*; *see also AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 39 (Fed. Cir. 2024) (citing *Disc Disease* as setting out the Rule 12(b)(6) "standard" and then stating, "the amount of detail required to provide a defendant the requisite fair notice of the plaintiff's claims . . . var[ies]").

Further, plaintiff's assertion that the pleading standard does not vary from case-to-case based on the technological complexity directly opposes the law. *See Bot M8*, 4 F.4th at 1353 ("The level of detail required in [pleading] any given case will vary depending upon a number of factors, including the complexity of the technology . . . ."). Thus, the court will not accept plaintiff's generalized arguments divorced from the context of this case and this asserted patent.

As defendants only focus on whether plaintiff sufficiently pleaded infringement of claim elements [1.5] and [1.6], the court assumes defendants do not contest notice as to the other claim elements. *See* Doc. 21 at 10–14. Three structures that make up "the rear face of the frame" in claim elements [1.5] and [1.6]:

(1) a "border frame section,"

(2) a "center section" within (1), and

(3) a "second magnetic element" within (2).

Figure 9, below, illustrates those structures.



'889 Patent fig. 9. The four outer-most trapezoids comprise the "border frame." *See id.* fig. 1 (identified at 11), col. 2 l. 31. The inner-most square represents the second magnetic element, which is partially covered by a floating square—the first magnetic element. *See id.* fig. 1 (identified at 210), col. 2 ll. 25–35, col. 2 l. 63–col. 3 l. 11. The area between the frame and the magnet is the center section. *Id.* col. 7 ll. 33–38 ("the second magnetic element being located within the center section . . . that surrounds the second magnetic element and extends from an outer peripheral edge

of the second magnetic element to the border frame section"). The border frame outlines the center section, and the center section outlines the magnet. These nesting-doll like structures are plainly seen in defendants' products. Defendants' own instructive video, linked to plaintiff's infringement claim chart, provides visuals of the accused products in use. *See* Mixtiles, *How to Hang Your Mixtiles*, https://help.mixtiles.com/en/articles/4742191-how-to-hang-your-mixtiles (last visited Sept. 30, 2025).

Defendants argue that plaintiff's complaint is conclusory and fails to plausibly allege which structures in the accused products correspond to claim elements [1.5] and [1.6]. Doc. 21 at 4–5. The complaint's allegations for each claim element are discussed below.

**A. Element [1.5]**

Claim element [1.5] covers "the rear face of the frame including a center section disposed internal to the border frame section which protrudes outwardly from the center section," '889 Patent col. 7 ll. 30–33. Plaintiff provides the visual below in its infringement claim chart:




https://help.mixtiles.com/en/articles/4742191-hanging-your-tiles
Doc. 18-8 at 4.

The complaint references the above snapshot alone when describing how the accused products infringe claim element [1.5]. *See* Doc. 18 at 11–12. Plaintiff alleges that the "video clearly shows a center section on the back of, and within the outer periphery of, the frame." *Id.* at 11. The center section has "a relatively lighter gray color," which is "internal to the border frame section [that has] a relatively darker gray color." *Id.* (cleaned up). The plaintiff

admits that only three sides of the border frame section are visible in the snapshot, but alleges that the remainder of the linked video shows the border frame extends to all four sides. *Id.* at 11–12. Having viewed the video, the court agrees. *See Schmidt*, 770 F.3d at 249 ("document . . . explicitly relied upon in the complaint may be considered" in a Rule 12(b)(6) motion); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

Defendants argue that plaintiff's complaint and infringement claim chart provide only legal conclusions and a formulaic recitation of the elements, which is not fair notice. Doc. 21 at 10. Defendants add that the snapshot above identifies no structure for a "border frame section." Given the lack of contrast between the accused border color and the accused center section color, the court agrees that this snapshot alone would not provide fair notice.

However, the infringement claim chart identifies the border frame section in claim element [1.4]. Doc. 18-8 at 4. There, instead of being a "darker" gray, the border is brown. *Id.*; Doc. 18 at 11. At 0:02–0:03, the person in the linked video pulls a brown frame out of a box rear-side up; there, the contrasting colors more clearly show the separation between the accused brown "border frame section" and the accused dark grey "center section". Mixtiles, *How to Hang Your Mixtiles*, https://help.mixtiles.com/en/articles/4742191-how-to-hang-your-mixtiles (last visited Sept. 30, 2025). For this technology, that is sufficient to put defendants on fair notice of which structure corresponds to a "border frame" and which corresponds to a "center section disposed" within that border frame." *See Disc Disease*, 888 F.3d at 1260.

Next, defendants argue that plaintiff's allegations confuse, omit, and conflate claim language. Doc. 21 at 12. This misstates the standard. The complaint must only put the defendants on fair notice of what activity is accused of infringing. Claim element [1.5] includes three structures: (1) a rear section including (2) a

border frame section and (3) a center section within that border. Those three structures are depicted in the infringement chart and are easy to deduce given the rudimentary technology. Doc. 18-8 at 3–4. More is not required at the pleading stage. Defendants are free to argue the meaning of those claim terms at a *Markman* hearing.

**B. Element [1.6]**

Claim element [1.6] covers "the second magnetic element being located within the center section and being offset and spaced from the border frame section so as to define a border area that surrounds the second magnetic element and extends from an outer peripheral edge of the second magnetic element to the border frame section;" '889 Patent col. 7 ll. 33–38. Plaintiff provides the visual below in its infringement claim chart:




Doc. 18-8 at 4.

The complaint references the above snapshot alone when describing how the accused products infringe claim element [1.6]. *See* Doc. 18 at 12. Plaintiff alleges that the video shows a "second magnetic element" that is "located within the center section." Otherwise, the complaint essentially echoes the allegations of element [1.5] for element [1.6]. *Id.*; *see also supra* II.A.

First, because [1.6] uses the conjunctive "and," defendants argue that the claim terms "offset" and "spaced from" must both limit "center section" and have different meanings. Doc. 21 at 13 (citing *CAE Screenplates Inc. v. Heinrich Fiedler GmbH & Co. KG*, 224 F.3d 1308, 1317 (Fed. Cir. 2000) (different claim terms are presumed to have different meanings)). The defendants try to disguise that claim construction argument by stating that the court

"need not concern itself with the meaning of either of these terms at this time," *id.*; but even considering the argument, it fails.

While different claim terms may be presumed to have different meanings, the court draws all reasonable inferences in favor of the plaintiff at this stage. *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). Each claim term is not required to have a construction distinct from all other claim terms. *See Bancorp Servs., L.L.C. v. Hartford Life Ins. Co.*, 359 F.3d 1367, 1373 (Fed. Cir. 2004) ("[U]se of both terms in close proximity in the same claim gives rise to an inference that a different meaning should be assigned to each. That inference, however, is not conclusive; it is not unknown for different words to be used to express similar concepts, even though it may be poor drafting practice." (citation omitted)). The court will determine if that inference has been rebutted here at claim construction.

Next, defendants argue that plaintiff conflates the "center section" and the "second magnetic element." Doc. 21 at 14. However, the magnet on the back of the frame is used throughout the video linked to the infringement claim chart. Mixtiles, *How to Hang Your Mixtiles*, https://help.mixtiles.com/en/articles/4742191-how-to-hang-your-mixtiles (last visited Sept. 30, 2025). Specifically, the video demonstrates removing and attaching the magnet at 0:06–0:09. *Id.* Thus, defendants have more than fair notice of which structure on the frame's rear face is accused of being the "second magnetic element."

To defendants' point, different claim terms usually have different meanings. Thus, considering the "second magnetic element" is *within* the "center section," defendants can make the logical inference that the accused "center section" must be the area between the accused magnet and the accused frame. *See* '889 Patent col. 7 ll. 33–38 (describing center section as surrounding magnet and extending "from an outer peripheral edge of the second magnetic element to the border frame section").

As the structures in the video have different colors and shapes, defendant has fair notice of what is accused of being a magnet that

is within a center section that is within a border frame. Elementary structures do not need master-degree level allegations. Plaintiff pleaded sufficient factual content to give defendant fair notice of the accused infringement. The court will not address *Markman* arguments here. Thus, as defendant provides no other argument, defendant also had sufficient notice of the alleged indirect infringement. *See* Doc. 21 at 15.

**III. Motion for sanctions analysis**

Plaintiff seeks monetary sanctions against defendants under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the court's inherent authority for filing a "frivolous motion to dismiss." Docs. 40 at 1, 41 at 5. Each provision is discussed in turn.

**A. Rule 11**

Federal Rule of Civil Procedure 11 requires attorneys to conduct a reasonable inquiry into the law and facts before filing pleadings. Counsel must certify that the arguments are not legally frivolous, lack factual foundation, or presented for improper purposes. Fed. R. Civ. P. 11(b). Courts may sanction parties, attorneys, or law firms for Rule 11 violations. Fed. R. Civ. P. 11(c). Assessing sanctions, courts consider whether the challenged conduct was "objectively reasonable under the circumstances." *Ario v. Underwriting Members of Syndicate 53*, 618 F.3d 277, 297 (3d Cir. 2010) (quoting *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994)).

Rule 11 sanctions should curb litigation abuse, not impose "wholesale fee shifting" against the losing party on an issue. *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988). Thus, Rule 11 sanctions are appropriate only "in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Id.* (cleaned up).

Defendants' motion to dismiss was not patently unmeritorious or frivolous. Motions to dismiss for failure to state a claim of patent infringement depend on numerous factors, "including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly

infringing device." *Bot M8*, 4 F.4th at 1353. Defendants argued those factors. However, defendants' argument relied on claim term construction. *See supra* II. The court is unwilling to construe these claims at this stage. However, courts are not barred from engaging in early claim construction. *See UTTO Inc. v. Metrotech Corp.*, 119 F.4th 984, 994 (Fed. Cir. 2024) ("sometimes a claim's meaning may be so clear on the only point that is ultimately material to deciding the dismissal motion that no additional process is needed").

Further, plaintiff moves for sanctions because defendants allegedly ignore the Rule 8 pleading standard. Doc. 41 at 5–6. However, even plaintiff fails to lay out the correct standard and relies only on a non-binding district court case. *Id.* at 9. While the court agrees with the cited holding, it does not change the standard of *Disc Disease* and *Bot M8* consistently applied by the Federal Circuit. *See AlexSam*, 119 F.4th at 39. The court will not sanction defendants for failing to apply a standard plaintiff itself cannot successfully articulate.

**B. 28 U.S.C. § 1927**

A court may only impose sanctions under 28 U.S.C. § 1927 if "an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 278 F.3d 175, 188 (3d. Cir. 2002). As disposed of above, defendants' dismissal arguments are not unreasonable. Plaintiff's motion for sanctions cannot be sustained under § 1927.

**C. The court's inherent authority**

"[A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" under its inherent authority. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (cleaned up). Courts under their inherent authority may not sanction attorneys without finding that they acted in "bad faith." *In re Prudential*, 278 F.3d at 189. Plaintiff argues that defendants demonstrated bad faith by having "extensive pre-

litigation engagement" with the asserted patent, accused products, and infringement claim chart attached to the complaint. Doc. 41 at 6, 12–13.

While defendants' argument that it lacked fair notice of which structures were accused of being borders, magnets, and the space in between is far from compelling, it is not sanctionable. *See Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d. Cir. 1987) ("Nothing . . . empowers the district court to impose sanctions on lawyers simply because a particular argument or ground for relief contained in a non-frivolous motion is found by the district court to be unjustified."). Defendants' claim construction arguments were not frivolous, just premature. *See id.* (sanctions should not "inhibit imaginative legal or factual approaches to applicable law" or "chill an attorney's enthusiasm or creativity in pursuing factual or legal theories."). Asserting reasonable, precedent-supported claim-construction arguments is not bad faith. *See* Doc. 21 at 12–13 (citing *CAE Screenplates*, 224 F.3d at 1317). Thus, the court will not exercise its inherent authority to sanction defendants.

Under the court's discretion, defendants' motion for sanctions, Doc. 43 at 23–25, is also denied. *See FTE Networks, Inc. v. Szkaradek*, No. 1:22-cv-00785, 2023 WL 8650002, at *2 (D. Del. Dec. 14, 2023).

**IV. Conclusion**

For those reasons, both defendants' motion to dismiss (Doc. 20) and plaintiff's motion for sanctions (Doc. 40) are denied. Defendants must answer or otherwise respond to plaintiff's first amended complaint within 14 days of this order under Federal Rule of Civil Procedure 12(a)(4)(A).

*So ordered by the court on October 8, 2025.*

J. Campbell Barker
United States District Judge