IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRACER IMAGING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-1386-JCB |
| | ) | |
| MIXTILES, LTD. and MIXTILES USA, INC. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT RULE 26(f) REPORT**

Pursuant to Fed. R. Civ. P. 16(b) and 26(f), counsel for Plaintiff Tracer Imaging LLC ("Tracer" or "Plaintiff") and Defendants Mixtiles, Ltd. and Mixtiles USA, Inc. (collectively, "Mixtiles" or "Defendants") have conferred regarding this case and respectfully submit the following joint report.

**1. A brief statement of the claims and defenses.**

Plaintiff's claims:

Plaintiff's First Amended Complaint (D.I. 18; "FAC") asserts one count of patent infringement against Defendants for alleged infringement of Tracer's United States Patent No. 12,108,889, entitled "Magnetic Framing System" (the "'889 Patent" or the "Asserted Patent"). Plaintiff alleges Defendants' production, use, sale, promotion, and importation into the U.S. of repositionable magnetic frame system products, including those referred to as "Mixtiles," "Stickable Photo Tiles," "Restickable Photo Tiles," and "Magnetic Hanging System," among other products (collectively the "Accused Products") infringe, directly and/or indirectly, at least claims 1 and 17–19 of the Asserted Patent, literally and in any event by application of the doctrine of equivalents. Plaintiff alleges that Defendants' infringement has been willful. Plaintiff seeks: an award of damages to compensate Tracer for Mixtiles' infringement under 35 U.S.C. § 284; an Order awarding Tracer a reasonable royalty; an award of all damages, including treble damages based on any infringement found to be willful, pursuant to 35 U.S.C. § 284; an order awarding Tracer pre-judgment and post-judgment interest on all applicable damages at the maximum rates permitted by applicable law; an accounting for all damages not presented at trial; an Order declaring this case exceptional and awarding Tracer its reasonable attorney fees pursuant to 35 U.S.C. § 285; and such other and further relief as the Court deems just and proper.

Defendants' defenses:

Mixtiles denies infringement and asserts that the '889 Patent is invalid, and asserts counterclaims for declaratory judgment for noninfringement and invalidity of the '889 Patent. Mixtiles seek: a dismissal of Plaintiff's First Amended Complaint in its entirety; denial of all remedies sought by Plaintiff; a declaratory judgement that Mixtiles does not infringe and has not infringed any claims of the '889 Patent, a declaratory judgment that all claims of the '889 Patent are invalid; a judgment and order awarding Mixtiles their costs, fees, and expenses and disbursements; a judgment and order finding that this is an exceptional case and awarding Mixtiles their reasonably attorneys' fees pursuant to 35 U.S.C. § 284; and an order awarding such additional relief as the Court may deem appropriate and just under the circumstances.

**2. The jurisdictional basis for the suit.**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-2202 because this action arises under the patent laws of the United States, including 35 U.S.C. § 271, *et seq*.

The parties do not contest personal jurisdiction in this case.

**3. The existence of any additional related cases and the appropriateness of consolidation.**

None at this time.

**4. Proposed deadlines for dispositive motions and objections to experts (i.e., Daubert and similar motions) (note: the dispositive-motion deadline cannot be less than 90 days before trial; the court prefers 120 days).**

The parties have met and conferred concerning, and have stipulated to, a proposed schedule in this case, attached hereto as **Appendix A**, which includes proposed deadlines for dispositive motions and objections to experts. *See* Appendix A at 10–11, 15-16. The parties respectfully request that the Court enter the schedule as proposed by the parties.

**5. Whether the parties expect to provide expert reports under Rule 26(a)(2) and conduct expert discovery in this case.**

The parties expect to conduct expert discovery in this case, including with respect to technical matters relating to the Asserted Patent and Accused Products and damages, and relating to Mixtiles' counterclaims and defenses. *See* Appendix A at 4–5, 16. The parties reserve the right to conduct expert discovery on other subjects in accordance with the parties' proposed schedule.

**6. A proposed plan and schedule for discovery, including a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

     **a.  Statement of the subjects on which discovery may be needed.**

The parties anticipate seeking discovery on all factual and legal issues raised in the FAC and Defendants' counterclaims and the parties' respective defenses thereto.

     **b.  Time limit to complete factual discovery and expert discovery.**

The parties propose that factual discovery be completed by July 12, 2027 (*see* Appendix A at 3–4, 16) and that expert discovery be completed by November 19, 2027 (*see id.* at 4–5, 16).

     **c.  A statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

The parties propose expert discovery begin following the close of fact discovery.  The parties further propose that the party with the burden of proof on any issue shall make its expert disclosures pursuant to Rule 26(a)(2) by August 30, 2027, and that the party without the burden of proof on any issue shall make its expert disclosures pursuant to Rule 26(a)(2) by October 6, 2027.  The parties propose that reply expert reports be disclosed by October 20, 2027.  Otherwise, the parties do not believe discovery should be conducted in phases or limited to or focused upon any particular issues.

**7.  Whether document production should proceed by requests for production or mandatory disclosure.**

The parties' proposed schedule at Appendix A contemplates mandatory disclosures in accordance with Section 4 of this District's Default Standard for Discovery, including Discovery of Electronically Stored Information (the "Default Standard for Discovery"), concerning Initial Discovery in Patent Litigation.  Otherwise, the parties believe document production should proceed by requests for production.

**8.  Any proposed changes to the discovery limitations imposed by the Federal Rules of Civil Procedure, the Local Rules, and any other discovery limitations, including whether the parties should be required to disclose the legal theories and factual bases of their claims and defenses along with their Rule 26(a)(1) disclosures.**

The parties propose that, absent stipulation or leave of court, the following limitations apply to discovery in this case:

- The parties consent to service via e-mail pursuant to Fed. R. Civ. P. 5(b)(2)(E).

- Each side shall be limited to fact depositions totaling no more than 70 hours each on the record.  The parties agree that this limitation includes depositions of both party and non-party witnesses.  Fact witnesses will be deposed either in the country where they reside, where they are principally employed, or remotely, unless otherwise agreed to by the parties.

- The parties shall be entitled to serve on each other a maximum of 25 requests for admission, excluding requests for admission regarding authentication.

**9. Proposed rules for disclosure or discovery of electronically stored information (ESI).**

The parties are in the process of negotiating a stipulation to govern the discovery of ESI in this case. In the event the parties reach agreement on the same, they will jointly file a proposed order.

**10. Any proposed means for the protection of trade secrets, confidential business information, or other proprietary information.**

The parties agree that there is a need for a Protective Order. The parties are in the process of negotiating a stipulation to govern the treatment of confidential information in this case, including trade secrets and other proprietary information. In the event the parties reach agreement on the same, they will jointly file a proposed protective order.

**11. Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order.**

*See* response to No. 10 above.

**12. A proposed pretrial conference date, proposed trial date, estimated number of days required for trial, and whether a jury has been demanded.**

The parties propose that a pretrial conference be held on June 12, 2028 and that trial begin on June 26, 2028. Alternatively, the parties propose a pretrial conference date approximately two (2) weeks prior to the trial date as set by the Court. The parties currently estimate five (5) days for trial. Plaintiff and Defendants have demanded a jury trial.

Defendants' counsel have conflicts with a trial occurring in mid-to-late May 2028.

**13. Objections to Rule 26(a)(1) asserted by either party, and other proposed modifications to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

The parties do not propose any modifications to the timing, form, or requirement for disclosures under Rule 26(a).

**14. The parties' position on mediation or arbitration to resolve this litigation, including:**

- **Whether the parties believe mediation or arbitration would be helpful to settlement and if not, specific reasons why not.**

The Parties believe mediation may be helpful to settlement in the case. Plaintiff believes that mediation should only take place after an exchange of final patent contentions. Defendants believe that this is a case that should be settled because, among other compelling reasons, Defendants are phasing the accused product out of production and sale. Defendants therefore favor early settlement and/or ADR efforts.

- **When during the litigation mediation or arbitration would be most effective (e.g., before discovery, after limited discovery, after discovery closes, after filing dispositive motions, etc.).**

  *See above.*

- **Whether the parties prefer to mediate with a private mediator (at the parties' expense) or with a United States Magistrate Judge.**

  If possible, the parties would prefer mediation with a United States Magistrate Judge.

**15. Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

  None, other than as set forth in Appendix A hereto.

**16. Whether a conference with the court is desired.**

  The parties defer to the Court's judgement on whether to hold a conference after reviewing this Report.

**17. The status of settlement negotiations, which shall not disclose settlement figures.**

  Defendants are prepared to engage in settlement discussions at the outset. Defendants believe that this is a case that should be settled because, among other compelling reasons, Defendants are phasing the accused product out of production and sale. Defendants therefore favor early settlement and/or ADR efforts. Defendants have proposed to Plaintiff a settlement scenario that presently stands rejected. The parties are exchanging information and continuing discussions.

**18. A statement that counsel for each party has reviewed the undersigned's order regulating practice (D.I. 25) and that counsel for each party understands that noncompliance with the Federal Rules of Civil Procedure, the court's local rules, or Judge Barker's standing orders may result in sanction or other disadvantage.**

  By their respective signatures below, counsel for each party represents that they have reviewed the Court's Order regulating practice (D.I. 25) and that counsel for each party understands that noncompliance with the Federal Rules of Civil Procedure, the court's local rules, or Judge Barker's standing orders may result in sanction or other disadvantage.

**19. Any other matters relevant to the status and disposition of this case, including any other orders that the parties propose for the court to issue under Rules 16(b) and (c) and 26(c).**

  The parties' proposed scheduling order, including deadlines for disclosures under the Delaware Default Standard for Discovery § 4, claim construction (with a proposed date for claim construction hearing on May 10, 2027), dispositive motions, and *Daubert* motions, is submitted herewith.

Respectfully submitted,

SHAW KELLER LLP

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

/s/ Andrew E. Russell
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com

/s/ Dominick T. Gattuso
Dominick T. Gattuso (No. 3630)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

*Attorneys for Defendants Mixtiles, Ltd. and
Mixtiles USA, Inc.*

*Attorneys for Plaintiff Tracer Imaging LLC*

Dated: December 19, 2025

6

<u>Appendix A</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRACER IMAGING LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-1386-JCB |
| | ) |
| MIXTILES, LTD. and MIXTILES USA, | ) |
| INC. | ) |
| | ) |
| Defendants. | ) |

**[PROPOSED] SCHEDULING ORDER [PATENT, NON-ANDA]**

This _____ day of _____, 20_____, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.    <u>Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within five (5) days of the date the Court enters this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is incorporated herein by reference.

2.    <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **January 30, 2026**. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the

1

pleadings shall be made pursuant to the procedures set forth in Paragraphs 8(g) and 9.

      3.    <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

<u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

      4.    <u>Papers Filed Under Seal.</u>  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

      5.    <u>Courtesy Copies.</u> The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

      6.    <u>ADR Process.</u> This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7. <u>Disclosures.</u> Absent agreement among the parties, and approval of the Court:

(a) By **December 19, 2025**, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

(b) By **January 16, 2026**, Defendants shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendants shall also produce sales figures for the accused product(s).

(c) By **February 13, 2026**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(d) By **March 13, 2026**, Defendants shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(e) By **June 14, 2027**, Plaintiff shall provide final infringement contentions.

(f) By **June 14, 2027**, Defendants shall provide final invalidity contentions.

8. <u>Discovery.</u> Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

(a) <u>Fact Discovery Cut Off.</u> All fact discovery in this case shall be initiated

3

so that it will be completed on or before **July 12, 2027**.

(b)    <u>Document Production.</u>    Document production shall be substantially

complete by **June 26, 2026**.

(c)    <u>Requests for Admission.</u> A maximum of **<u>25</u>** requests for admission are

permitted for each side.

(d)    <u>Interrogatories.</u>

i.    A maximum of **<u>25</u>** interrogatories, including contention

interrogatories, are permitted for each side.

ii.    The Court encourages the parties to serve and respond to

contention interrogatories early in the case. In the absence of agreement among the parties,

contention interrogatories, if filed, shall first be addressed by the party with the burden of

proof. The adequacy of all interrogatory answers shall be judged by the level of detail each

party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e)    <u>Depositions.</u>

i.    <u>Limitation on Hours for Deposition Discovery.</u> Each side is

limited to a total of **<u>70 hours</u>** of taking testimony by deposition upon oral examination.

ii.    <u>Location of Depositions.</u> Any    party    or    representative

(officer, director, or managing agent) of a party filing a civil action in this district court

must ordinarily be required, upon request, to submit to a deposition at a place designated

within this district. Exceptions to this general rule may be made by order of the Court. A

defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be

considered as having filed an action in this Court for the purpose of this provision.  To

lessen the burden and cost of discovery in this case, the parties shall meet and confer in

4

good faith after the parties serve notices of deposition to determine the appropriate locations for facts depositions, particularly as to witnesses located outside of the United States; and the parties can agree that fact witnesses may be deposed either in the country where they reside, where they are principally employed, or remotely.

        (f)   <u>Disclosure of Expert Testimony.</u>

        i.   <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **August 30, 2027**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **October 6, 2027**. Reply expert reports from the party with the initial burden of proof are due on or before **October 20, 2027**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

        ii.   <u>Expert Report Supplementation.</u> The parties agree they **<u>will</u>** permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

        iii.   <u>Objections to Expert Testimony.</u>  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

iv.    Expert Discovery Cut-Off. All expert discovery in this case shall be initiated so that it will be completed on or before **November 19, 2027**.

(g)    Discovery Matters and Disputes Relating to Protective Orders.

i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.    Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1 that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

iii.    On a date to be set by separate order, generally not less than four (4) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than three (3) days prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

iv.    The parties shall provide to the Court two (2) courtesy copies of its discovery letter and any other document filed in support of any letter (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

v.    Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

9.    <u>Motions to Amend / Motions to Strike.</u>

(a)    Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 8(g) above.

(b)    Any such motion shall attach the proposed amended pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

10.    <u>Technology Tutorials.</u> Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

11.    <u>Claim Construction Issue Identification.</u> On **March 27, 2026**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted two weeks prior to service of the opening claim construction brief. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. Intrinsic evidence (including copies of the patent(s) at issue) shall NOT be attached to the joint claim construction chart and, instead, the parties shall include a joint appendix with the joint claim construction brief, and the joint appendix shall include a copy of the patent(s) at issue and portions of all relevant intrinsic evidence that would have otherwise been included with the joint claim construction chart, as well as any additional evidence cited in the parties' briefing.

12.     <u>Claim Construction Briefing.</u>  The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on **February 12, 2027**. The Defendants shall serve, but not file, its answering brief, not to exceed 30 pages, on **March 12, 2027**. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **March 29, 2027**. The Defendants shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **April 19, 2027**. No later than **May 3, 2027**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below. If the joint brief as submitted is more than 80 pages, the parties must certify that the page limits (or equivalent word counts) in the Scheduling Order have been complied with and provide a brief explanation (e.g., formatting issues, listing of agreed-upon terms) as to why the brief is longer than 80 pages.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Agreed-Upon Constructions

II. Disputed Constructions

[TERM 1]

1. Plaintiff's Opening Position

2. Defendant's Answering Position

3. Plaintiff's Reply Position

4. Defendant's Sur-Reply Position

[TERM 2]

1. Plaintiff's Opening Position

2. Defendant's Answering Position

3. Plaintiff's Reply Position

4. Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

13.    <u>Hearing on Claim Construction.</u> Beginning at _____ on **May 10, 2027**, the Court will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

14.    <u>Supplementation.</u> Absent agreement among the parties, and approval of the Court, no later than **<u>May 14, 2027</u>** the parties must finally supplement, *inter alia,* the identification of all accused products and of all invalidity references.

15.    <u>Case Dispositive Motions.</u>

(a)    All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **January 5, 2028** [a date approximately four months prior to the pretrial conference, the four months being calculated from the conclusion of the briefing]. Briefing will be presented pursuant to the Court's Local

Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

           (b)    <u>Concise Statement of Facts Requirement.</u>  Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

        Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

        The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

(c)    <u>Page limits combined with Daubert motion page limits.</u>  Each party is permitted to file as many case dispositive motions as desired provided, however, that each **SIDE** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each **SIDE**.[1]

16.    <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

17.    <u>Motions *in Limine.*</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (l) additional page in reply in support of its request. If more than one party is supporting or

---

[1] The parties must work together to ensure that the Court receives no more than a *total* of *250 pages* (*i.e.*, 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18. <u>Pretrial Conference.</u> On **June 12, 2028**, the Court will hold a pretrial conference in Court with counsel beginning at _____. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

19. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven (7) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to mn_civil@ded.uscourts.gov.

20. <u>Trial.</u> This matter is scheduled for a **<u>5</u>** day jury trial beginning at 9:30 a.m. on **June 26, 2028**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted

to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

21.    <u>Judgment on Verdict and Post-Trial Status Report.</u> Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

22.    <u>Post-Trial Motions.</u> Unless otherwise ordered by the Court, all ***SIDES*** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

*So ordered by the court on _____ ____, 20____.*

_____

The Honorable J. Campbell Barker
United States District Judge

14

Counsel for both parties provide the following chart of all relevant deadlines:

| EVENT | DEADLINE |
|---|---|
| **June 26, 2028** (or as soon thereafter as the Court may be available) | **JURY SELECTION AND TRIAL before Judge J. Campbell Barker.** |
| **June 12, 2028** (or as soon thereafter as the Court may be available) | **Pretrial conference before Judge J. Campbell Barker.** |
| **May 22, 2028** | Deadline for parties to file proposed jury instructions and verdict forms in compliance with Local Rule 51.1.<br><br>Deadline for parties to file a suggested form of voir dire questions. |
| **May 15, 2028** | Parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c). |
| **May 1, 2028** | Deadline for all parties other than the plaintiff to provide the plaintiff and each other party with their responses to the plaintiff's draft pretrial order. Such responses shall include the party's response to plaintiff's proposed language for the sections of the pretrial order to be jointly submitted by all parties, as well as the sections relating to the party's case. If the parties have not yet exchanged trial exhibits, the party shall provide the plaintiff and each other party with a copy of, or reasonable access to, the party's proposed trial exhibits. Local Rule 16.3(d)(2). |
| **April 17, 2028** | Deadline for the plaintiff to provide a draft pretrial order to all other parties. The draft shall include proposed language for the sections of the pretrial order jointly submitted by all parties, as well as the sections relating to the plaintiff's case. If the parties have not yet exchanged trial exhibits, the plaintiff shall provide all other parties with a copy of, or reasonable access to, the plaintiff's proposed trial exhibits. Local Rule 16.3(d)(1). |
| **February 16, 2028** | Deadline by which all reply briefs in support of case dispositive motions and *Daubert* motions shall be served and filed. Reply briefs shall be limited to 20 pages absent an order of the court upon a showing of good cause. |

| EVENT | DEADLINE |
|---|---|
| **February 2, 2028** | Deadline by which all responsive briefs in response to case dispositive motions and *Daubert* motions shall be served and filed. Responsive briefs shall be limited to 40 pages absent an order of the court upon a showing of good cause. |
| **January 5, 2028** | Deadline by which all case dispositive motions shall be served and filed. Dispositive motions shall be limited to 40 pages absent an order of the court upon a showing of good cause.<br><br>Deadline for any objection to expert testimony made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, unless otherwise ordered by the court. |
| **December 15, 2027** | Deadline for parties to jointly prepare and file a written mediation report, which shall be signed by counsel for each party, describing the required details in the mediation subsection below. |
| **November 19, 2027** | Deadline by which the parties shall complete all depositions of experts.<br><br>All **expert** discovery in this case shall be initiated so that it will be completed on or before this date. |
| **October 20, 2027** | Reply expert reports from the party with the initial burden of proof are due. No other expert reports will be permitted without either the consent of all parties or leave of the court.<br><br>If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and when they cannot reasonably be resolved, use this order's discovery dispute procedure or the complaint will be waived. |
| **October 6, 2027** | Opposition expert report, *i.e.*, the supplemental disclosure to contradict or rebut evidence on the same matter identified by another party, is due. |
| **August 30, 2027** | The initial Rule 26(a)(2) disclosure of expert testimony is due for the party who has the initial burden of proof on the subject matter. |
| **July 12, 2027** | All **non-expert** discovery in this case shall be initiated so that it will be completed on or before this date. |

| EVENT | DEADLINE |
|---|---|
| **June 28, 2027** | Defendants shall provide final non-infringement contentions and Plaintiff shall provide final validity contentions. |
| **June 14, 2027** | Plaintiff shall provide final infringement contentions and Defendants shall provide final invalidity contentions. |
| **May 14, 2027** | Absent agreement among the parties, and approval of the Court, the parties shall finally supplement, *inter alia,* the identification of all accused products and of all invalidity references. |
| **May 10, 2027** (or as soon thereafter as the Court may be available) | ***Markman* hearing before Judge J. Campbell Barker.** |
| **May 3, 2027** | Deadline for parties to file a joint claim construction brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in the form prescribed by the "Claim Construction" subsection below. |
| **April 19, 2027** | Deadline by which defendants shall serve, but not file, their sur-reply claim construction brief, not to exceed 10 pages, as well as any materials in support of their proposed constructions, including expert declarations. |
| **March 29, 2027** | Deadline by which the plaintiff shall serve, but not file, its reply claim construction brief, not to exceed 20 pages, as well as any materials in support of its proposed constructions, including expert declarations. |
| **March 12, 2027** | Defendants shall serve, but not file, their answering claim construction brief, not to exceed 30 pages, as well as any materials in support of their proposed constructions, including expert declarations. |
| **February 12, 2027** | Plaintiff shall serve, but not file, its opening claim construction brief, not to exceed 20 pages. |

| EVENT | DEADLINE |
|---|---|
| **January 29, 2027** | Deadline for parties to file a joint claim construction chart, identifying for the court the terms of the claims in issue. The chart should include each party's proposed construction of the disputed claim language with citations only to the intrinsic evidence in support of their respective proposed constructions. The joint claim construction chart should include an explanation of why resolution of the dispute makes a difference. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this joint claim construction chart. |
| **June 26, 2026** | Deadline by which document production shall be substantially complete. |
| **March 27, 2026** | Deadline by which parties shall exchange preliminary claim constructions and extrinsic evidence. These constructions and accompanying evidence need not be filed with the court by this date. |
| **March 13, 2026** | Deadline by which each defendant shall produce to the plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals, and patents). Delaware Default Standard for Discovery § 4(d). |
| **February 13, 2026** | Deadline by which plaintiff shall produce to each defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes. Delaware Default Standard for Discovery § 4(c). |
| **January 30, 2026** | Deadline for (1) motions for leave to join parties and (2) motions for leave to amend pleadings.

This deadline does not modify the requirements of the Federal Rules of Civil Procedure regarding leave of court to amend pleadings and court action to join parties. *See, e.g.*, Fed. R. Civ. P. 15(a), 21.

Parties may petition the court to modify this deadline for good cause. |
| **January 16, 2026** | Deadline by which counsel should confer and attempt to reach an agreement on a proposed protective order and discovery order and submit these to the court. |
| **January 16, 2026** | Deadline by which each defendant shall produce to the plaintiff the core technical documents relating to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications. Delaware Default Standard for Discovery § 4(b). |

18

| EVENT | DEADLINE |
|---|---|
| **January 16, 2026** | Deadline for parties to make the disclosures required by Delaware Default Standard for Discovery § 3. |
| **December 19, 2025** | Deadline by which plaintiff shall identify, for each defendant, the accused products and the asserted patent(s) they allegedly infringe, and plaintiff shall produce the file history for each asserted patent, and plaintiff's damages model. Delaware Default Standard for Discovery § 4(a). |
| **December 19, 2025** | Deadline for all parties to make their initial disclosures under Rule 26(a)(1). |