# SHAW KELLER LLP

Andrew E. Russell
I.M. Pei Building
1105 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0704
arussell@shawkeller.com

February 3, 2026

**VIA CM/ECF & FEDEX**
The Honorable J. Campbell Barker
United States District Judge
William M. Steger Federal Building and United States Courthouse
211 W. Ferguson Street
Tyler, Texas 75702

      Re:    *Tracer Imaging LLC v. Mixtiles, Ltd., et al.*, C.A. No. 24-1386-JCB (D. Del.)

Dear Judge Barker:

      We write on behalf of Plaintiff Tracer Imaging LLC ("Tracer" or "Plaintiff") concerning a narrow dispute arising from the parties' negotiation of a protective order: whether the parties may each designate four company executives to receive materials designated "Confidential," as Plaintiff contends, or whether access should be limited to three executives, as Defendants Mixtiles, Ltd. and Mixtiles USA, Inc. (collectively, "Mixtiles" or "Defendants") contend. We submit this letter under Rule JCB-CV-37, as modified by guidance by the Court's Courtroom Deputy provided to counsel for all parties via telephone on January 23, 2026, directing the parties negotiate a briefing schedule and submit three-page letters addressing this and other disputes concerning the protective order. Defendants have agreed to file their response by February 9, 2026.[1]

      Allowing four executives from each party to access Confidential information is reasonable, and in the case of Tracer it is necessary because Tracer's litigation (and settlement) decisions are made by a four-person leadership team comprising: Steven Spiro, CEO; Heidi Moore, CFO; David Weinstein, COO; and Ryan Kelly, VP Engineering. These individuals comprise Tracer's executive decision-making authority. Excluding any one of those individuals would impair Tracer's ability to evaluate risk and make decisions in this litigation and create an avoidable and unacceptable risk of inadvertent disclosure to the excluded leadership team member.

      Attached as **Exhibit A** is a copy of the most recent draft of the protective order, with the parties' competing proposals shown in brackets. In Paragraph 5(b), Plaintiff proposes the following provision as to individuals, among others, permitted to receive Confidential information:

> A maximum of four (4) designated executives for each of the parties, to the extent reasonably necessary for the litigation in this action. The designated executives must complete the Agreement to be Bound by Protective Order attached as Exhibit

---

[1] Defendants have advised they will be submitting a separate letter motion today, addressing a different dispute concerning whether and to what extent the protective order should temporally bar recipients of confidential information from certain "patent prosecution" activities. Plaintiff will file its response by February 9, 2026.

>   A, which must be served on the producing party before accessing any Confidential materials[.]

Ex. A at ¶ 5(b); *see* Ex. A at 19–20 (Agreement to be Bound).  Defendants have indicated they agree to this provision, except that it should be limited to just three executives.  Despite their good faith efforts,[2] the parties have reached an impasse on this narrow issue.

Under Rule 26(c) of the Federal Rules of Civil Procedure, the party seeking a more restrictive provision in a protective order bears the burden of demonstrating good cause for that restriction.  *See Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 183 (D. Del. 2010) (citing Fed. R. Civ. P. 26(c); *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1209–10 (Fed. Cir. 1987)).  Therefore, Defendants bear the burden of demonstrating why a fourth executive from each party should not be permitted to access Confidential information.  *See id.*

Defendants cannot establish good cause here.  Good cause is shown "by demonstrating a particular need for protection," and "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).  "'Good cause' is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury[.]"  *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).  Defendants' position concedes that allowing three executives from each party with competitive decision-making authority to access Confidential information of the other party will not cause serious injury.  Yet, Defendants offer no explanation for why a fourth executive having access to that information, subject to identical restrictions under the protective order as the other three, would cause serious injury.

Defendants have not met, and cannot meet, their burden.  They have not explained how the marginal addition of one additional executive, subject to the same use restrictions and enforcement mechanisms as the other three, creates any materially greater risk of harm.  The draft protective order already contains robust safeguards over which there is no present dispute.  For example, Paragraph 3 provides that "[a]ll Confidential and Highly Confidential - Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action," and "shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose[.]" Ex. A at ¶ 3.  Moreover, under either party's version of Paragraph 5(b), the disputed provision, the executives would need to sign an agreement to be bound by the protective order at Exhibit A and submit to the Court's jurisdiction for enforcement of the order.  *See* Ex. A at 19–20; Ex. A at ¶ 25.  Where Defendants concede that three executives

---

[2]   Tracer sent a draft protective order to Defendants on November 4, 2025, in advance of the parties' Rule 26(f) conference.  After more than two months without response, on January 13, 2026, Mixtiles requested an extension of the original January 16, 2026 deadline to file a proposed protective order with the Court (D.I. 64 at 5).  Tracer consented to a one-week extension, which the Court approved (D.I. 69).  The parties have since exchanged several proposed drafts and correspondence regarding their positions, and they met and conferred by videoconference on January 23, 2026.

may access Confidential material under these protections, they have articulated no basis to establish that the same protections are insufficient for a fourth.

Mixtiles' position is undermined by the parties' prior course of dealing, which demonstrates the absence of the likelihood of the "clearly defined and serious injury" required to establish good cause under Rule 26(c).  In December 2025, the parties negotiated a nondisclosure agreement, a copy of which is attached as **Exhibit B,** for Mixtiles to disclose to Tracer certain confidential financial sales information in connection with early settlement discussions.  In negotiating that agreement, Mixtiles similarly sought to limit disclosure to three executives, and Tracer explained, as it has here, that it operates under a four-person decision-making team.  Mixtiles ultimately agreed to permit disclosure to the same four executives at issue here.  *See* Ex. B at 2, 4–5 of 5.  Mixtiles does not claim that any misuse or harm or breach resulted.  Where Mixtiles previously authorized disclosure of its confidential financial information to these same four executives without injury, it cannot now show, as Rule 26(c) requires, that permitting identical access under a court-entered protective order would cause any specific or serious harm.

Furthermore, permitting all four members of Tracer's decision-making team access to Confidential information under the protections of the protective order will avoid creating a risk of inadvertent disclosure to the otherwise excluded team member.  *See U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984) (dicta, addressing crafting protective orders to avoid creating "an unacceptable opportunity for inadvertent disclosure").

Mixtiles may argue that Tracer's own initial proposal included a three-executive limitation.  But Tracer's initial draft, a copy of which is attached as **Exhibit C**, also included a broader party access provision, which would have resolved this issue by permitting access to Confidential information by each of the parties': "**executives**, directors, **officers**, general partners, limited partners, managers and members, and employees who are assisting with or making decisions concerning this lawsuit, to the extent deemed reasonably necessary by counsel of record for the prosecution or defense of this lawsuit[.]"  Ex. B at ¶ 4(h) (emphasis added).  Tracer's four-person leadership team at issue here would have been granted access to Confidential information under this broader provision.  However, Mixtiles struck that provision, resulting in the present dispute.

For the foregoing reasons, Tracer respectfully requests that the Court deny Mixtiles' request to limit access to Confidential information to three executives, and instead enter an order permitting each party to designate up to four executives, consistent with Plaintiff's proposed Paragraph 5(b).

Respectfully submitted,

*/s/ Andrew E. Russell*

Andrew E. Russell (No. 5382)

cc:    Clerk of Court (by CM/ECF)
       All Counsel of Record (by CM/ECF & Email)