UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

——————

No. 1:24-cv-01386

——————

**Tracer Imaging LLC,**
*Plaintiff,*

v.

**Mixtiles, Ltd., et al.,**
*Defendants.*

——————

**O R D E R**

Before the court are two disputes regarding the parties' proposed protective orders. Docs. 76, 77. Defendants seek to include a patent prosecution bar, Doc. 76 at 2, and limit access to material designated confidential to two of plaintiff's executives. Doc. 79 at 2. For the following reasons, defendants' requested relief is denied and the court adopts plaintiff's proposed protective order.

**I. Legal standard**

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). Federal Rule of Civil Procedure 26(c) permits protective orders "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). "A party seeking a protective order carries the burden of showing good cause for its issuance." *In re Deutsche Bank Tr. Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) (citing Fed. R. Civ. P. 26(c); *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1209–10 (Fed. Cir. 1987)).

Good cause is shown "by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). "Good cause is established on a showing that disclosure

will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.1984) (citation omitted).

"[T]he determination of whether a protective order should include a patent prosecution bar is a matter governed by Federal Circuit law." *Deutsche Bank*, 605 F.3d at 1378. The party seeking "a patent prosecution bar must show that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information." *Id.* at 1381. A party seeking to be exempt from a patent prosecution bar must show two things on a counsel-by-counsel basis: (1) that counsel's representation of the client before the U.S. Patent and Trademark Office (USPTO) is unlikely to implicate competitive decision-making related to the subject matter of the litigation such that it would give rise to a risk of inadvertent disclosure and (2) that the burden of restricting the non-moving party's choice of litigation counsel and prosecution counsel outweighs the risk of injury to the moving party caused by the inadvertent use of confidential material. *Id.*

Protective orders may be granted to deny people involved in competitive decision-making any access to a competitor's confidential information. *See U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984); *United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 160 (D. Del. 1999) ("Typically, the 'competitive decision making' standard for determining access to confidential competitive information has been applied to party-litigants.").

## II. Discussion

Defendants have not met their burden to establish good-cause for either protective-order provision.

For the patent prosecution bar, defendants fail to even aver that plaintiff's counsel are competitive decision-makers. *See generally* Doc. 76; *see also Deutsche Bank*, 605 F.3d at 1379 ("it is

shortsighted to conclude that every patent prosecution attorney is necessarily involved in competitive decisionmaking"). While defendants do argue why the proposed prosecution bar would be reasonable, they do not show why it should be applicable to specific counsel. *See Deutsche Bank*, 605 F.3d at 1380 (courts "examine all relevant facts surrounding counsel's actual preparation and prosecution activities, on a counsel-by-counsel basis" to determine "under the facts and circumstances of a particular case if counsel is engaged with the client in certain competitive decisionmaking"). The court is disinclined to grant defendants a restrictive protective order without an argument that any specific counsel are engaged in competitive decision-making.

Additionally, and independently, the court is not persuaded that the present case warrants a patent-prosecution bar. "[I]nformation related to new inventions and technology under development, especially those that are not already the subject of pending patent applications, may pose a heightened risk of inadvertent disclosure by counsel involved in prosecution-related competitive decisionmaking as described above." *Id.* at 1381.

Here, however, the accused products are allegedly publicly sold online directly to consumers, and the claimed invention relates to the physical structure of a picture frame and its components. Docs. 18 at 13, 18-1 at 19. Patent prosecution bars are unneeded where, as here, the technology is straightforward, readily observable, and easily reverse-engineered from public sales. *See, e.g.*, *J&M Indus., Inc. v. Raven Indus., Inc.*, No. 2:16-cv-02723, 2017 WL 3048919, at *4–5 (D. Kan. July 18, 2017) (denying patent prosecution bar when defendant failed "to identify the types of documents comprising secret technical information which it possesses that would . . . require a patent prosecution bar" for a "low-tech, publicly available" accused product); *Champion Power Equip. Inc. v. Firman Power Equip. Inc.*, No. 2:23-cv-02371, 2024 WL 4524187, at *6 (D. Ariz. Oct. 18, 2024) (denying patent prosecution bar when potentially disclosed schematics "relate to inventions that are already patented and released on the market. . . .

[and that] do not, under *Deutsche Bank*, raise the same level of heightened concern as schematics related to unreleased products and inventions that are not yet the subject of patent applications.").

Defendants have also failed to demonstrate good cause for limiting disclosure of confidential information to two—or three—designated executives as opposed to four. When defendants approached the court with their protective order dispute, they argued that only three designated executives should have access to material designated confidential. Doc. 76 at 2 n.1. However, in responsive briefing, defendants now argue that only two executives should have access to material designated confidential. Doc. 79 at 2. Regardless of defendant's indecision, their arguments are unavailing.

Defendants claim that four of plaintiff's executives have "'executive decision-making authority' and are involved in '[plaintiff's] litigation (and settlement) decisions.'" Doc. 79 at 2. Defendants do not, however, identify which executives should be granted access to confidential material and which should not. *See generally* Doc. 79; *contra Vilox AB v. Mohawk Indus., Inc.*, No. 1:24-cv-01430 (D. Del. Dec. 10, 2025), Doc. 53 (analyzing why a specific competitive decision-maker should not have access to all "Highly Confidential – Attorney's Eyes Only" material). Under defendants' view, any two (or three) is better than all four.

That is not the standard. Defendants concede that their confidential material can go to some competitive decision makers but claim prejudice if it goes to all four because the risk of inadvertent disclosure increases with each person. Doc. 79 at 2–3. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Cipollone*, 785 F.2d at 1121; *see also Deutsche Bank*, 605 F.3d at 1379 (cautioning against generalizations and explaining that "[t]he facts, not the category must inform the result. Our holding in *U.S. Steel* dictates that each case should be decided based on the specific facts involved therein." (citation omitted)). Defendants' short-hand

math that more access leads to greater risk of disclosure may be statistically probable, but it is not legally compelling.

Considering there is no specific showing as to which competitive decision-maker poses a greater risk of inadvertent disclosure and what specific injury is at risk, defendants have failed to prove there is good cause to restrict access to confidential material to two, or three, of plaintiff's executives.

### III. Conclusion

Accordingly, plaintiff's proposed protective order is adopted by the court and shall issue forthwith.

*So ordered by the court on February 26, 2026.*

J. CAMPBELL BARKER
United States District Judge