UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

———

No. 1:24-cv-01386

———

**Tracer Imaging LLC,**
*Plaintiff,*

v.

**Mixtiles, Ltd., et al.,**
*Defendants.*

———

## PROTECTIVE ORDER

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ordered as follows:

1.  Any party to this litigation and any non-party providing information in this action (hereinafter "non-party") shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing that is not accessible to the public, and that (a) the designating party has not revealed to third parties except in confidence, or has undertaken with others to maintain in confidence, (b) contains trade secrets or are protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy,  (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 26.2. Any party to this litigation or non-party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential").

2.  Any party to this litigation and any non-party shall have the right to designate as "Highly Confidential – Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that is not accessible to the public, and that (a) the designating party has not revealed to third parties except in confidence, or has undertaken with others to maintain in confidence, and (b) contains sensitive technical information about a current product or future product in development; financial, business strategy or forecasting information for current or future products; or private or confidential personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any non-party who is covered by this Order, who produces or discloses any Highly Confidential – Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Highly Confidential – Attorneys' Eyes Only").

3.  All Confidential and Highly Confidential – Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 5 with respect to Confidential material and those set forth in Paragraph 6 with respect to Highly Confidential – Attorneys' Eyes Only material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

4.  The protections conferred by this Protective Order cover not only Confidential and Highly Confidential – Attorneys' Eyes

- 2 -

Only material (collectively "Designated Materials") governed by this Protective Order, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, as well as testimony, conversations, or presentations by the parties or their counsel in court or in other settings that might reveal information from Designated Materials.

5.   Until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders disclosure, Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions and shall not be disclosed in any manner to any other individual:

a.   The parties' in-house counsel who either have responsibility for making decisions directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this action;

b.   A maximum of four (4) designated executives for each of the parties, to the extent reasonably necessary for the litigation in this action. The designated executives must complete the Agreement to be Bound by Protective Order at the bottom of this order, which must be served on the producing party before accessing any Confidential materials;

c.   The parties' outside counsel, herein defined as any attorney at the parties' outside law firms, which firms have appeared in this action;

d.   Outside experts or consultants (i.e., not existing employees or employees of affiliates of a party) retained by the parties' outside counsel for purposes of this Action, provided that: (1) such experts or consultants have been retained to serve as an expert witness, technical advisor or a consultant in this Action; (2) before access is given, the expert or consultant has completed the Agreement to be Bound by Protective Order at the bottom of this order and the same is served upon the producing party with (i) a current curriculum vitae of the consultant or expert, and (ii) a listing (by name and number of

the case and location of the court) of any litigation in connection with which the expert or consultant has offered expert testimony, including through declaration, report, or testimony at a deposition or trial during the preceding five (5) years, at least ten (10) days before access to the Designated Material is to be given to the expert or consultant. The producing party may object to and notify the receiving Party in writing that it objects to disclosure of Designated Material to the expert or consultant within ten (10) days of receipt of disclosure of the expert or consultant in accordance with the foregoing procedure.  The parties agree to promptly confer and use good faith to resolve any such objection. If the parties are unable to resolve any such objection, to seek relief from the Court the objecting party must file a motion with the Court within ten (10) days of the meet and confer, seeking a protective order with respect to the proposed disclosure. Failure to timely file such a motion shall constitute a waiver of any objection to the identified expert or consultant. The objecting party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order;

e.  Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

f.  The Court and court personnel;

g.  Any deponent may be shown or examined on any information, document or thing designated Confidential: as to documents and things, if it appears on the face of the document or thing that the witness authored or received a copy of it prior to disclosure; as to information, if such deponent possessed knowledge of such information prior to disclosure; if the witness is, or was at the time of the creation of the information, employed by the party who produced the information; or if the producing party first consents in writing to such disclosure;

h.  Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including,

but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare or deliver demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

i.   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

j.   Mock jury participants, if a party chooses to conduct any mock jury sessions, provided that all such participants have signed an undertaking in the form at the bottom of this order prior to disclosure;

k.   An author, signatory or prior recipient of the document or the original source of the Designated Material. Such person shall be given access only to the specific document or information therein; and

l.   Any other person with prior written consent of the producing party.

6.   Until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure, Highly Confidential – Attorneys' Eyes Only material and the contents of Highly Confidential – Attorneys' Eyes Only material may be disclosed only to the individuals listed in Paragraphs 5(c)– 5(l).

7.   Each outside expert or consultant to whom Designated Material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of this acknowledgement is attached at the bottom of this order.

- 5 -

8.   Testifying experts shall not be subject to discovery of any draft of their reports in this case, and such draft reports, notes, outlines, or any other writings leading up to issued reports in this litigation are exempt from discovery, pursuant to Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure. In addition, all communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert with respect to the testifying expert's work, are exempt from discovery unless they relate to the expert's compensation or identify facts, data, or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report, pursuant to Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure.

9.   With respect to any depositions that involve a disclosure of Confidential or Highly Confidential – Attorneys' Eyes Only material of a party or non-party, such party or non-party shall designate the transcript as containing Confidential or Highly Confidential – Attorneys' Eyes Only material, during the deposition, or within thirty (30) days after the receipt of the deposition transcript, to inform all other parties or non-parties of whether the transcript or certain portions thereof are to be designated Confidential or Highly Confidential – Attorneys' Eyes Only. No individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5 for Confidential material and Paragraph 6 for Highly Confidential – Attorneys' Eyes Only material, until the end of said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential or Highly Confidential – Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 5 and 6, respectively.

10. If counsel for a party receiving documents or information designated as Confidential or Highly Confidential – Attorneys'

- 6 -

Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a.   Counsel for the objecting party shall serve on the designating party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or non-party shall respond in writing to such objection within ten (10) days and shall state with particularity the grounds for asserting that the document or information is Confidential or Highly Confidential – Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer by oral communication in good faith in an effort to resolve the dispute, in accordance with Local Rule 7.1.1.

b.   If a dispute as to a confidentiality designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court in accordance with Rule JCB-CV-37 of the Order Regulating Practice for civil cases assigned to the Honorable J. Campbell Barker in this District (D.I. 25). The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

11. Any document designated Confidential or Highly Confidential – Attorneys' Eyes Only by a party or non-party and which document is filed with the Court shall be filed under seal in compliance with D. Del. LR 5.1.3 and the applicable CM/ECF Procedures for the District of Delaware.  Any motion to seal or otherwise to restrict access shall be filed by the party seeking to seal material, unless the parties otherwise agree.  In the event the filing party takes exception to any designation of the subject material by the designating party, then the filing party shall seek relief from

such designation pursuant to the procedures set forth in this Order.

12. This Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the parties from seeking to introduce any Confidential or Highly Confidential – Attorneys' Eyes Only material into evidence at the trial of this Action, or from seeking to use any information contained in Confidential or Highly Confidential – Attorneys' Eyes Only material at the trial of this Action, subject to any pretrial order issued by this Court. The parties reserve the right to seek appropriate protections for such material at trial, pursuant to applicable law and any pretrial order issued by the Court. Otherwise, if any Confidential or Highly Confidential – Attorneys' Eyes Only material is used in open court during any proceeding or introduced into evidence as a trial exhibit without any such protections, the material loses its confidential status and becomes part of the public record unless the producing party applies for and obtains an order from the Court specifically maintaining the confidential status of the material. Before any court proceeding where Confidential or Highly Confidential – Attorneys' Eyes Only material will be used, the parties must confer in good faith on procedures to protect the confidentiality of any of the Confidential or Highly Confidential – Attorneys' Eyes Only material.

13. Data Breach. If a party learns that material that the party received in discovery pursuant to this Protective Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the breach.

14. There shall be no disclosure of any Confidential or Highly Confidential – Attorneys' Eyes Only material by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities. If a receiving party learns of the disclosure or use of

Confidential or Highly Confidential – Attorneys' Eyes Only material in any circumstance not authorized by this Order, it must promptly notify the designating party in writing of the unauthorized use or disclosure. In the event of unauthorized disclosure, the receiving party must also promptly (a) use reasonable efforts to retrieve all copies of the Confidential or Highly Confidential – Attorneys' Eyes Only material , (b) inform the person to whom unauthorized disclosures were made of the terms of this Order, and (c) ask that person to execute the Agreement to be Bound by Protective Order that is attached at the bottom of this order.

15. Nothing in this Order shall require production of documents, information, or other material that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. The inadvertent or unintentional disclosure of Confidential or Highly Confidential – Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim that it is Confidential or Highly Confidential – Attorneys' Eyes Only material, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Highly Confidential – Attorneys' Eyes Only within a reasonable time from discovery of the error. Such notice shall constitute a designation of the information, document or thing as Confidential or Highly Confidential – Attorneys' Eyes Only under this Protective Order.

16. The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state

proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection.

17. If a non-party serves a party in this action with a request, subpoena, or order ("demand") for disclosure of Confidential or Highly Confidential – Attorneys' Eyes Only material of another party, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the non-party who served the request that some or all of the materials sought by the request are subject to this Protective Order. The party receiving the demand shall not disclose the designating party's Confidential or Highly Confidential – Attorneys' Eyes Only material prior to the date specified by the non-party for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner. The party who received the demand shall not oppose or otherwise interfere with the designating party's actions.

18. Other Proceedings. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that

information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's information designated as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

19. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a nonconfidential basis, shall be deemed or considered to be Confidential or Highly Confidential – Attorneys' Eyes Only material as to that party under this Protective Order. Information described in the foregoing sentence nonetheless shall be treated as Confidential or Highly Confidential – Attorneys' Eyes Only material hereunder as to other parties in this action to whom such information was not already known prior to disclosure and as to third parties.

20. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

21. No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log. The parties shall exchange their respective privilege document logs within fourteen (14) days after substantial completion of their document production and in any event no later than forty-five days before the close of fact discovery, or at another date agreed to by the Parties.

22. The inadvertent failure to designate documents, information or material in accordance with this Order shall not, standing alone, preclude a party from seeking relief from the Court at a later date seeking to impose such designation or challenging the propriety thereof as provided under the law. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such distinctions being hereby preserved.

23. Production of Confidential or Highly Confidential – Attorneys' Eyes Only material by each of the parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

24. This Protective Order shall survive the conclusion of this litigation and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court. This Court shall retain jurisdiction to enforce this Order, even following the final disposition of this action. Every individual who reviews Confidential or Highly Confidential – Attorneys' Eyes Only material agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings related to the enforcement of this Order.

25. Every individual who reviews Confidential or Highly Confidential – Attorneys' Eyes Only material acknowledges that a breach of this Order may cause immediate and irreparable injury for which there is no adequate remedy at law. A party may immediately apply to obtain temporary, preliminary, and permanent injunctive relief against a violation or threatened violation of this Order, subject to applicable laws.

26. Within sixty (60) days of the final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to make reasonable efforts to assemble

and to return to the originating source all originals and unmarked copies of documents and things containing Confidential or Highly Confidential – Attorneys' Eyes Only material or to destroy all copies of such material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential or Highly Confidential – Attorneys' Eyes Only material, provided, however, that counsel may retain two (2) copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), correspondence, expert reports, deposition transcripts (and exhibits thereto), hearing or trial transcripts, and hearing or trial exhibits and demonstratives, and their attorney work product which refers or is related to any Confidential or Highly Confidential – Attorneys' Eyes Only material, for archival purposes, subject to the provisions of this Protective Order. Further, notwithstanding this provision, outside litigation counsel of record and in-house counsel are not required to delete information that may reside on their respective electronic back-up systems that are over-written in the normal course of business. No Party shall be in violation of this Paragraph to the extent any Confidential or Highly Confidential – Attorneys' Eyes Only material is not returned or destroyed as required to the extent that such is an accidental oversight, the Party made good-faith efforts to comply with this provision, and the Confidential or Highly Confidential – Attorneys' Eyes Only material is returned or destroyed as soon as possible after the Party learns that such had not been previously returned or destroyed. To the extent a party requests the return of Confidential or Highly Confidential – Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom, the party shall file a motion seeking such relief.

*So ordered by the court on February 26, 2026.*

J. CAMPBELL BARKER
United States District Judge

- 13 -

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

———

No. 1:24-cv-01386

———

**Tracer Imaging LLC,**
*Plaintiff,*

v.

**Mixtiles, Ltd., et al.,**
*Defendants.*

———

**AGREEMENT TO BE BOUND BY
PROTECTIVE ORDER**

I,_____, being duly sworn, state that:

1.  My address is _____.

2.  My present employer is _____ and the address of my present employment is _____.

3.  My present occupation or job description is _____.

4.  I have carefully read and understood the provisions of the Protective Order in this case signed by the Court, and I will comply with all provisions of the Protective Order.

5.  I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Confidential or Highly Confidential – Attorneys' Eyes Only material or any words, summaries, abstracts, or indices of Confidential or Highly Confidential – Attorneys' Eyes Only material disclosed to me.

6.  I will limit use of Confidential or Highly Confidential – Attorneys' Eyes Only material disclosed to me solely for purpose of this action.

7.  No later than 30 days after the final conclusion of the case, I will return all Confidential or Highly Confidential – Attorneys' Eyes Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I

have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____          Signature: _____

                                Name: _____